Argued April 5, affirmed April 20, 1966

## STATE OF OREGON *v.* BOWLING

413 P. 2d 421

*Gary D. Babcock,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Lawrence A. Aschenbrenner, Public Defender, Salem.

*Courtney R. Johns,* District Attorney, Albany, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and PERRY,

SLOAN, GOODWIN, DENECKE, HOLMAN and SCHWAB, Justices.

## SLOAN, J.

Defendant appeals his conviction of first degree murder. Since several of the assignments are directed at a claimed lack of evidence to establish venue in Linn county, a review of the essential facts are necessary.

The partially clad body of the victim, Edwin C. Waddell, was found in a brush covered area, near a dirt road in Linn county on October 22, 1964. The spot was about one mile from the Santiam river, the boundary line between Marion and Linn counties. It was about three miles west of Jefferson, which is located in Marion county on the north bank of the Santiam river. There was evidence that at the time Waddell's body was found he had been dead for 10 to 20 hours. The cause of death was a gun shot wound in the head.

Waddell and defendant had both checked into a hotel in Salem, apparently by coincidence, about midnight on October 19, 1964. They were seen together in various taverns about the vicinity of Salem during the next two days. They were last identified as being seen together on the evening of October 21 in a tavern at Jefferson. The two men were known to be traveling in a yellow 1955 model Cadillac owned by Waddell.

At the time the officers were investigating at the place where the body was found, defendant with a companion who lived in the area, drove the same yellow Cadillac near the scene of the investigation, ostensibly hunting. Some of the officers noticed that the tire marks of the car defendant was then driving were the same as other tire marks found near Wad-

dell's body. The car was examined and some articles of clothing and other items of personal property were found which were later identified as Waddells. There were blood stains in the car and other evidence which indicated that Waddell or his body had been in the car. Defendant, when questioned, gave his name as Waddell and displayed Waddell's drivers license and car registration. He attempted to explain the tire marks by saying he had been there earlier in the day. He attempted to leave and was arrested.

It was later developed that defendant was, at the time of the arrest, wearing clothes that had been owned by Waddell. He was carrying Waddell's wallet and, of course, driving the victim's car. He gave to the police varying statements in explanation of his possession of Waddell's personal property, in one of which he told the story, later admitted to be false, that he and a third person had "rolled" Waddell for his wallet. At the trial he testified that the car and other property of Waddell had been given to him by another unidentified person. Some of Waddell's property, and the gun identified as the wounding revolver, were found at the house of the man who had accompanied defendant at the time of his arrest. This house was near the place where the body was found. The persons living there were not in any way implicated in the case, other than as witnesses. These people had some prior acquaintance with defendant. Defendant had come to this house a few hours before his arrest and had been there, by himself for about two hours of the time he was there. The car had been washed at that place. Some rags, containing human blood, were found where the car had been washed. He told these people that he had bought the car.

These are the essential facts. Defendant argues

that these facts are insufficient to establish venue and that his motion for a directed verdict of acquittal should have been allowed. Assignments, involving the same issue, are also directed at some of the instructions to the jury.

ORS 131.340 provides:

> "When a crime is committed partly in one county and partly in another or when the acts or effects thereof constituting or requisite to the consummation of the crime occur in two or more counties, an action therefor may be commenced and tried in any of such counties."

■ Venue may be established by circumstantial evidence and inferred by the jury from all of the facts in the case. *State v. Jones,* 1965, 240 Or 129, 400 P2d 524. It has been held that the finding of a body in the county of prosecution is sufficient to establish venue. *Commonwealth v. Knowlton,* 1928, 265 Mass 382, 163 NE 251. For this purpose, we know of no reason why the jury cannot infer that an attempt to secret the body of a victim is a part of the "consummation" of the crime. In addition to the body being found in Linn county is the evidence that the two men were seen together at a place just across the river from Linn county at what could have been believed to be a short time before Waddell's death. And, the evidence of robbery could have lead the jury to infer that the robbery of at least the wallet and automobile occurred where the body was found.

■ The evidence did warrant a jury finding that one or more of "the acts or effects thereof constituting or requisite to the consummation of the crime" occurred in Linn county. The evidence would not have permitted the court to refuse to let the jury decide

that factual issue. See Annotation at 30 ALR2d 1265. If defendant was right, it would mean that defendant could not be prosecuted. The evidence that the crime was executed and completed in Marion county would be equally circumstantial to that presented here. Statutes like ORS 131.340 were adopted to avoid that kind of an absurd result. We think the evidence in this case comes well within the intent and purpose of the statute.

It should also be mentioned that the conflicts in the evidence as well as the contradictory statements made by defendant presented questions of the credibility of witnesses and the weight to be given their testimony that was for the jury to resolve.

■ Defendant further complains that he could not have been guilty of first degree murder because there was no evidence of premeditation or that robbery was involved in the killing, either of which was necessary to establish first degree murder. ORS 163.010(1). The evidence of defendants possession of a substantial amount of Waddell's property, when considered with all of the evidence, would permit the inference that defendant acquired it by force. *State v. Downing,* 1949, 185 Or 689, 205 P2d 141; *State v. Hunter,* 1963, 235 Or 308, 314, 384 P2d 983; 46 Am Jur § 45, pages 158, 159. The jury could have believed defendant's story that he was given the property by a third person, but it was entitled to reach its own conclusions from all of the evidence submitted. The entire circumstances which the testimony described to the court and jury made robbery the most likely inference to be drawn. The court did not err in submitting the issue to the jury.

The other assignments have been considered but we do not believe that they require discussion.

Judgment affirmed.