Argued and submitted July 15, reversed and
remanded with instructions August 24, 1981

# STATE OF OREGON,
*Respondent,*

*v.*

# DARRELL ROBERT CAMP,
*Appellant.*

## (No. 79-36308, CA A20234)

633 P2d 12

David B. Mills, Eugene, argued the cause for appellant. With him on the brief was Hammons & Jensen, Eugene.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

GILLETTE, P. J.

Defendant appeals from a judgment of conviction for Driving While Under the Influence of Intoxicants (DUII). ORS 487.540. Because the defendant had been convicted of the same offense within the last five years, his present offense was prosecuted and punished as a misdemeanor. ORS 484.365.[1] Defendant was arrested for the offense in Linn County. However, he was tried and convicted in Lane County. On appeal, he contends that the trial court erred, first, in failing to grant his motion for a change of venue and, secondly, in failing to grant his motion for judgment of acquittal on the ground that the state failed to prove venue. We conclude that venue did not properly lie in Lane County.

Art I, § 11 of the Oregon Constitution provides that:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury *in the county in which the offense shall have been committed* * * *." (Emphasis supplied.)

This constitutional protection is also embodied in the Criminal Code. ORS 131.305(1) provides that, except in certain circumstances not applicable to this case, "* * * criminal actions shall be commenced and tried in the county in which the conduct that constitutes the offense or a result that is an element of the offense occurred."

On the other hand, and contrary to the provisions for the trial of criminal matters, state traffic offenses may, by statute, be commenced in

"* * * * *

---

[1] ORS 484.365 provides, in pertinent part, that:

"(1) Any Class A traffic infraction, as defined in subsection (3) of this section, shall be prosecuted and be punishable as a Class A misdemeanor if the defendant has been convicted of a Class A traffic infraction, as defined in subsection (3) of this section, or traffic crime within a five-year period immediately preceding the commission of the offense, and the previous conviction was not part of the same transaction as the present offense.

"* * * * *

"(3) As used in this section, 'Class A traffic infraction' means:

"(a) Driving while under the influence of intoxicants.

"* * * * *"

"(a) The county in which the offense was committed, [or]

"(b) Any other county whose county seat is a shorter distance by road from the place where the offense was committed than the county seat of the county in which the crime was committed, if the action is commenced in the circuit or district court." ORS 484.040(1)(a) and (b).

That statute provides further in subsection (2) that:

"If the action is commenced in a county other than that in which the offense was committed, at the request of the defendant the place of trial may be changed to the county in which the offense was committed. *A request for a change of the place of trial shall be made prior to the date set for the trial* and shall, if the action is commenced in a circuit or district court, be governed by the provisions of ORS 131.305 to 131.415. * * *" (Emphasis supplied.)

This action was commenced in Lane County pursuant to ORS 484.040(1)(b). Pursuant to ORS 484.040(2), the defendant moved for a "change of venue" to Linn County the day before the trial. Defendant's motion was made after he had appeared at docket call indicating that he was ready for trial after the date for trial was set. Under the provisions of ORS 484.040(2) and a local county rule, the state claims that defendant's motion was untimely. On this basis, the state argues that defendant waived his right to trial in the county where the offense occurred. However, we conclude that, because this was a *criminal* prosecution, the defendant did not waive his right to be tried in the county where the offense was committed.

■ ORS 484.040(1) allows the state to prosecute a traffic offense in the county where it occurred or in any other county whose county seat is closer to the site of the offense. If the case is brought in "any other county," the statute then gives the defendant the right to request a change of venue to the county where the offense was committed. Under the statutory provisions the trial court may change the place of trial. The state concedes that where the traffic offense is prosecuted as a misdemeanor, as in the case before us, the defendant has an absolute right under the Constitution to a change of venue if his motion is made in a timely fashion. We conclude that defendant's constitutional right guarantees him more than the state is

prepared to concede; it establishes the only county where the offense may, as an original matter, be tried.

■ ■ Any discussion of "waiver" is, in the context of the present problem, misplaced. The Constitution directs where criminal trials are to occur. The legislature may not amend the Constitution. To the extent that the provisions of ORS 484.040(1) would require a *criminal* case to be tried outside the county where the offense occurred, they are contrary to Art I, § 11, and unconstitutional. The Lane County court was without authority to try this defendant. His motion for "change of venue"[2] should have been granted.

Because of the disposition we make of defendant's venue claim, we do not consider his claim concerning the sufficiency of proof of venue.

Reversed and remanded with instructions to dismiss this charging instrument.[3]

---

[2] Because venue did not properly lie in Lane County, defendant's motion for change of venue was not technically correct. A change of venue presupposes that venue properly resides in the court in which the motion is made. *See State v. Dillenburg,* 49 Or App 911, 913, n 1, 621 P2d 1193 (1980). A motion to dismiss would have been the correct device for bringing the matter to the court's attention.

[3] We express no opinion concerning the right of the state to issue a new citation laying venue in Linn County.