Argued and submitted September 27, affirmed December 4, 1991, reconsideration
denied February 19, petition for review denied March 24, 1992 (313 Or 75)

STATE OF OREGON,
*Respondent,*

*v.*

ANDREW J. WALLOCK,
*Appellant.*

(C89-12-36935; CA A64608 (Control))

STATE OF OREGON,
*Respondent,*

*v.*

RICHARD HARA,
*Appellant.*

(C89-12-36936; CA A65105)
(Cases Consolidated)

821 P2d 435

David K. Allen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendants appeal their convictions for unlawful racketeering activity, ORS 166.720(3) (ORICO), and two counts of promoting prostitution. ORS 167.012.[1] They argue that the court erred in failing to merge their promoting prostitution and racketeering convictions. We affirm.

■ Defendants first contend that their convictions for violating ORS 167.012(1)(a) and ORS 167.012(1)(c) should merge. They rely on *State v. Williams*, 40 Or App 227, 594 P2d 1281 (1979), in which we concluded that a charge of promoting prostitution should merge with two charges of compelling prostitution, because the state had used the same evidence to prove all three charges. *Williams* was decided before the adoption of ORS 161.062 and ORS 161.067.[2] In *State v. Atkinson*, 98 Or App 48, 777 P2d 1010 (1989), we held that merger under ORS 161.067 is controlled by the statute defining the offense, not by the factual circumstances recited in the indictment. Under ORS 161.067, offenses cannot merge if proof of one offense requires proof of an element that the other does not.

■ ORS 167.012 provides four alternative combinations of elements that can constitute promoting prostitution. Each involves the intent to promote prostitution and at least one

---

[1] ORS 167.012(1) provides:

"A person commits the crime of promoting prostitution if, with intent to promote prostitution, the person knowingly:

"(a) Owns, controls, manages, supervises or otherwise maintains a place of prostitution or a prostitution enterprise; or

"(b) Induces or causes a person to engage in prostitution or to remain in a place of prostitution; or

"(c) Receives or agrees to receive money or other property, other than as a prostitute being compensated for personally rendered prostitution services, pursuant to an agreement or understanding that the money or other property is derived from a prostitution activity; or

"(d) Engages in any conduct that institutes, aids or facilitates an act or enterprise of prostitution."

[2] ORS 161.067(1) was adopted in the 1986 general election as part of the "Crime Victims' Bill of Rights" and, for purposes of this issue, includes the same language as ORS 161.062(1). Or Laws 1987, ch 2, § 13. ORS 161.067(1) provides:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

element not involved in the others. ORS 167.012(1)(a) requires proof that defendants "maintain[ed] a place of prostitution." ORS 167.012(1)(c) requires proof that the defendants "receive[d] * * * money * * * other than as a prostitute being compensated for personally rendered prostitution services, pursuant to an agreement or understanding that the money or other property is derived from a prostitution activity." As a result, ORS 167.012(1)(a) and ORS 167.012(1)(c) are separate statutory "provisions" for purposes of ORS 161.067(1). Therefore, the trial court did not err by refusing to merge defendants' convictions.

■ Next, defendants contend that their convictions for promoting prostitution and unlawful racketeering activity, ORS 166.720(3),[3] should merge. They argue that merger must occur, because proof of the violation of two subsections of ORS 167.012 involved the same conduct as proof of the predicate crimes under ORS 166.720(3). We answered that argument contrary to defendants' position in *State v. Blossom*, 88 Or App 75, 744 P2d 281 (1987), *rev den* 305 Or 22 (1988), without reference to ORS 161.067(1) or ORS 161.062(1). We held that the issue was one of legislative intent: Did the legislature intend that a defendant who is convicted under ORICO can also be convicted of the underlying predicate crimes? Because ORICO was modeled on the

---

[3] ORS 166.720(3) provides:

"It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt."

ORS 166.715(4) provides:

" 'Pattern of racketeering activity' means engaging in at least two incidents of racketeering activity that have the same or similar intents, results, accomplices, victims or methods of commission or otherwise are interrelated by distinguishing characteristics, including a nexus to the same enterprise, and are not isolated incidents, provided at least one of such incidents occurred after November 1, 1981, and that the last of such incidents occurred within five years after a prior incident of racketeering activity."

"Racketeering activity" is defined in ORS 166.715(6)(a):

" 'Racketeering activity' means to commit, to attempt to commit, to conspire to commit, or to solicit, coerce or intimidate another person to commit:

"(a) Any conduct which constitutes a crime, as defined in ORS 161.515, under any of the following provisions of the Oregon Revised Statutes:

"* * * * *

"(T) ORS 167.007 to 167.017 * * * relating to prostitution * * *."

federal RICO statute, and Congress intended that there could be separate convictions under the federal statutes, we held there was no merger of the ORICO conviction with the conviction for the predicate crimes.

Before the enactment of ORS 161.062 and ORS 161.067, courts decided merger issues on the basis of their discernment of legislative intent. *See State v. Cloutier*, 286 Or 579, 596 P2d 1278 (1987). ORS 161.062 reflects the legislature's intent that a person who commits multiple crimes during the same criminal episode should have a criminal record that indicates each crime committed. *State v. Crotsley*, 308 Or 272, 276-77, 779 P2d 600 (1989). The court set out a test to determine whether separate convictions should be entered:

> "(1) Did defendant engage in acts that are 'the same conduct or criminal episode,' (2) did defendant's acts violate two or more 'statutory provisions,' and (3) does each statutory 'provision' require 'proof of an element that the others do not.' "
> 308 Or at 278.

ORS 166.720(3) requires proof of a pattern of racketeering, an element that ORS 167.012 does not contain. ORS 167.012(1)(a) and (c) contain elements that are not included in ORS 166.720(3). Therefore, under ORS 161.067(1), there is no merger. It makes no difference that the same conduct is the basis for all of the convictions. *But see State v. Heneghan*, 108 Or App 637, 638, 816 P2d 1175 (1991) (Edmonds, J., specially concurring).

Defendants' remaining assignments of error do not require discussion.

Affirmed.