Argued and submitted October 30, 1991, affirmed July 1, reconsideration denied
August 19, petition for review denied September 29, 1992 (314 Or 391)

## STATE OF OREGON,
*Respondent,*

*v.*

## THOMAS JOSEPH McCOWN,
*Appellant.*

## (C89-08-34105; CA A68704)

833 P2d 1321

William Uhle, Portland, argued the cause for appellant. With him on the brief was Thuemmel & Uhle, Portland.

Yuanxing Chen, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

Joseph, C. J., specially concurring.

## RICHARDSON, P. J.

Defendant appeals his convictions for driving while suspended, ORS 811.182, driving under the influence of intoxicants, ORS 813.010, and reckless driving. ORS 811.140. He contends that the court erred when it denied his motion for judgment of acquittal on the ground that Multnomah County was not the proper venue.

The indictment alleged that the three crimes were committed in Multnomah County. The proof was that they were committed in Washington County, but within one mile of the boundary line between Washington and Multnomah counties. At the conclusion of the state's case, defendant moved for judgment of acquittal on the ground that the state had not proved that the offenses occurred in Multnomah County, the place of trial. The court ruled that venue was proper in Multnomah County under ORS 131.315(6):

> "If an offense is committed on the boundary of two or more counties or within one mile thereof, trial of the offense may be held in any of the counties concerned."

On appeal, defendant makes two arguments.[1] He first contends that ORS 131.315(6) is not applicable, because it is in conflict with a more specific statute, ORS 153.570(3), which relates to venue for traffic crimes. He also argues that, if ORS 131.315(6) is applicable, it violates Article I, section 11, of the Oregon Constitution.

The state's first response is that defendant waived his statutory claim of improper venue by not making a timely objection under ORS 131.305(2):

> "All objections of improper place of trial are waived by a defendant unless the defendant objects in the manner set forth in ORS 131.335 to 131.363."

The state appears to argue that the only proper objection under that statute, if a defendant contends that the venue is not proper, is a pretrial motion to dismiss made in the time specified by ORS 131.345. ORS 131.335 to ORS 131.363

---

[1] At trial, defendant argued that the state had not offered evidence that the offense occurred in Multnomah County. He also contended that ORS 131.315(6) could not be applied because that theory of venue had not been pleaded. He does not advance either argument on appeal.

relate to requests for a change of venue. In *State v. Dillen-burg*, 49 Or App 911, 621 P2d 1193 (1980), we held that a change of venue presupposes that venue properly resides in the court in which the motion for change is made. Consequently, if a defendant contends that venue does not lie in the court that is trying him, a motion for change of venue under ORS 131.335 to ORS 131.363 is not appropriate. The proper pretrial action is a motion to dismiss. *State v. Camp*, 53 Or App 599, 633 P2d 12 (1981). However, because the state must establish that the trial is in the proper place, the issue can also be raised in the same way as an objection to any other fact required to be proved during trial. Defendant did not waive an objection to the place of trial by failing to move for dismissal before trial.

■     Defendant's statutory argument is that ORS 131.305 and its referent, ORS 131.315(6), are statutes relating generally to venue, but that ORS 153.570(3) relates specifically to traffic crimes and provides that they shall

> "be commenced in the county in which the offense was committed."

He contends that the two provisions conflict and, according to the rules of statutory construction, the specific provision prevails. *Colby v. Larson*, 208 Or 121, 297 P2d 1073, 299 P2d 1076 (1956). ORS 174.020 provides that that rule of construction is applicable when the provisions are "inconsistent." Defendant does not demonstrate that the provisions cannot be harmonized. We conclude that they can. ORS 153.570(1) provides a special venue provision for traffic offenses that are not traffic crimes. For traffic offenses that are crimes, ORS 153.570(3) restates the rule of ORS 131.305(1) that venue for crimes lies in the county where the offense was committed.

ORS 153.570 was adopted in response to *State v. Camp, supra*, where we declared that *former* ORS 484.040(1)(b)[2] violated Article I, section 11, of the Oregon

---

[2] *Former* ORS 484.040(1) provided that a traffic offense, including a traffic crime, shall be tried in:

> "(a)  The county in which the offense was committed [or]

> "(b)  Any other county whose county seat is a shorter distance by road from the place where the offense was committed than the county seat of the county in which the crime was committed * * *."

Constitution, because it allowed a traffic crime to be tried outside the county where the offense was committed. The legislature specified in ORS 153.570 that that special venue provision applied only to traffic offenses that are not punishable as crimes. Traffic crimes were left in the general venue category. We do not discern a legislative intent that traffic crimes should be treated more restrictively for purposes of venue than other crimes. The exceptions in ORS 131.315 to the general venue rule apply to traffic crimes.

■ Defendant's constitutional argument is premised on *State v. Camp, supra.* As said above, that case dealt only with a particular provision of a venue statute. The case more directly in point is *State v. Lehman,* 130 Or 132, 279 P 283 (1929), where the defendant was charged with selling intoxicating liquor in Washington County. The evidence was that the offense occurred in Clackamas County, about 900 feet from the Washington County line. To establish proper venue, the state relied on Oregon Laws 1920, section 1385:

> "When a crime is committed on or within one mile of the boundary line of two or more counties, * * * an action therefor may be commenced and tried in either county."

The court upheld the constitutionality of the statute in the face of the defendant's challenge that it violated Article I, section 11. It said that the legislature could properly specify the location of county boundaries for judicial purposes, even though the geographic boundaries were different.

Defendant does not cite or argue *State v. Lehman, supra.* It is a Supreme Court decision that we are not privileged to overrule, and we have no inclination to ignore it. ORS 131.315(6) is constitutional. Venue was proper in Multnomah County.

Affirmed.

**JOSEPH, C. J.,** specially concurring.

I concur only because we are bound by the result oriented, prohibition era *State v. Lehman,* 130 Or 132, 279 P 283 (1929), and its ill-considered progeny.