Argued and submitted October 23, 1991, affirmed August 26, reconsideration denied October 14, petition for review denied October 27, 1992 (314 Or 574)

## STATE OF OREGON,
*Respondent,*

*v.*

## DARREN DEE O'NEALL,
*Appellant,*

(C87-12-33738, C89-12-37089;
CA A66434 (Control), A66435)
(Cases Consolidated)

836 P2d 758

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

Joseph, C. J., dissenting in part; concurring in part.

### DEITS, J.

Defendant was convicted on two counts of first degree kidnapping, ORS 163.235, one count of first degree sexual penetration with a foreign object, ORS 163.411, three counts of first degree rape, ORS 163.375, three counts of third degree rape, ORS 163.355, and one count each of first degree sodomy, ORS 163.045, third degree sodomy, ORS 163.385, and first degree sexual abuse. ORS 163.425. He argues that his motion for judgment of acquittal on the third degree rape and sodomy charges should have been granted, because the state did not prove venue. He also argues that the trial court erred by not merging his two kidnapping convictions for sentencing and by failing to state on the record its reasons for imposing consecutive sentences. We affirm.

In the early morning of January 17, 1987, defendant abducted a 14-year-old girl who was walking home from a convenience store in North Portland. He had parked his semi-truck near an I-5 overpass ramp. When the girl passed by, defendant approached her from behind, pushed an object against her back, told her that it was a gun, dragged her across the street and down the embankment to his truck and pulled her into the sleeping compartment of the cab. Defendant got into the truck, locked the doors and ordered her to stay still. He began driving south on I-5 and drove for approximately 20 to 30 minutes. He then stopped the truck in a parking area, which the girl testified did not appear to be an official rest area, because it did not have rest rooms or any other facilities. Defendant climbed into the sleeping compartment and, over the next four hours, repeatedly raped, sodomized and otherwise molested the girl. He agreed to let her go only after she promised not to tell anyone what had happened. He drove approximately another 15 minutes and left her at the side of a gravel road. She walked to a service station in Aurora, which is in Marion County. When she arrived home, she told her parents and the police what had happened.

Defendant first assigns as error the trial court's denial of his motion for judgment of acquittal on the three counts of third degree rape and the third degree sodomy count on the basis that the state had failed to prove venue in Multnomah County. The trial court denied the motion on the

ground that the victim's age is a material element of those crimes and that, because she was under 16 years old when she was in Multnomah County, venue was proven. Defendant concedes that the first degree kidnapping and the rape and first degree sodomy charges were properly tried in Multnomah County, because an element of each of those crimes is forcible compulsion and his use of force began in Multnomah County. However, he contends that the trial court erred in denying his motion with respect to the charges of third degree rape and sodomy, because forcible compulsion is not an element of those crimes and age is not an element of a crime that may be used to establish venue. Defendant argues:

> "[T]he evidence showed that none of the conduct or results constituting the *third-degree* sexual assaults occurred in Multnomah County. Therefore, only Marion County had venue, and the court should have granted defendant's motion for judgment of acquittal."

■       The state first argues that defendant waived any challenge to venue, because he did not make a pretrial motion for a change of venue pursuant to ORS 131.305, but raised the issue for the first time in his motion for judgment of acquittal. However, as we held in *State v. McCown*, 113 Or App 627, 630, 833 P2d 1321 (1992), because the state must prove venue, a defendant may challenge venue in the same manner as he could the sufficiency of proof of any other required fact. Defendant's challenge was properly preserved by his motion for judgment of acquittal.

■       Venue is a material allegation and must be proven beyond a reasonable doubt. *State v. Guest*, 103 Or App 594, 598, 798 P2d 708 (1990), *rev den* 311 Or 187 (1991). Article I, section 11, of the Oregon Constitution provides:

> "In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed."

ORS 131.305(1) provides:

> "Except as otherwise provided in ORS 131.305 to 131.415, criminal actions shall be commenced and tried in the county in which the conduct that constitutes the offense or a result that is an element of the offense occurred."

We do not agree with the trial court that proof that the victim was under age 16 when she was in Multnomah County was sufficient to establish venue in Multnomah County. The victim's age does not comprise any "conduct that constitutes the offense," nor is it a "result that is an element of the offense," as required by ORS 131.305(1). We conclude, however, that there was sufficient evidence for the jury to have concluded that the state proved venue. In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the elements of a crime beyond a reasonable doubt. *State v. Krummacher*, 269 Or 125, 137, 523 P2d 1009 (1974). Venue may be established by circumstantial evidence and inferred by the jury from all of the facts in the case. *State v. Bowling*, 243 Or 344, 347, 413 P2d 421 (1966). When the evidence supports the conclusion that conduct may have occurred in more than one county, it is not error to let the jury decide the factual issue of the place of the criminal conduct. 243 Or at 347.

Defendant abducted the girl in North Portland, near Lombard Street, which is in Multnomah County. Travelling south from that point, there are five county lines before the Aurora exit. There is no evidence that defendant stayed on I-5. The girl testified that, because defendant had threatened her, she peeked through the curtains to the road only once or twice. From what she saw, she thought that the place where defendant assaulted her was off a "two-lane highway" and not an official rest area. A number of maps were admitted at trial, showing the location of I-5, Pacific Highway and Highway 99, all accessible southward from the point of the abduction. The jury could infer from the evidence that defendant drove off I-5 onto smaller, less travelled roads within Multnomah County. The evidence also could support the conclusion that Multnomah County is within approximately 15 minutes of Aurora, where defendant finally released the girl.

The trial court instructed the jury, in general, that

"criminal cases shall be commenced and tried in the county in which the conduct that constitutes the alleged offense occurred, or as a result that is a material element of the alleged offense occurred. In other words, if you find beyond a reasonable doubt that any of the material elements of the

alleged offenses occurred within Multnomah County, Oregon, then it is the same as if all the material elements, if they occurred, happened in Multnomah County, Oregon."

When the court came to the specific instructions on third degree rape, it instructed the jury that the state had to prove beyond a reasonable doubt that defendant had "sexual intercourse with a female under 16 years of age" and that "the act was committed in Multnomah County, Oregon." Instructing on the third degree sodomy charges, the trial court again explained that the state had to prove beyond a reasonable doubt that defendant engaged in "deviate sexual intercourse with another person under 16 years of age" and that "the act was committed in Multnomah County, Oregon." In view of the evidence and the trial court's instructions, we conclude that a rational juror could have found beyond a reasonable doubt that the sexual assaults occurred in Multnomah County. The trial court properly denied defendant's motion for judgment of acquittal.[1]

■    Defendant next argues that the trial court erred in not merging the two first degree kidnapping convictions. Defendant does not dispute that the evidence supports both convictions. However, he argues that, because he "kidnapped only 1 victim 1 time," he committed only one offense and, therefore, the convictions should have merged. We do not agree.

ORS 161.067(1) provides:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

---

[1] The state also argues that it was not necessary to prove that the crime was committed in Multnomah County because of the exception in the venue statutes for crimes committed in a vehicle in transit. ORS 131.315(5) provides:

"If an offense is committed in or upon any railroad car, vehicle, aircraft, boat or other conveyance in transit and it cannot readily be determined in which county the offense was committed, trial of the offense may be held in any county through or over which the conveyance passed."

The trial court did not instruct the jury on this statute and, because of our disposition of the case, it is unnecessary to address this issue.

In *State v. Crotsley*, 308 Or 272, 779 P2d 600 (1989), the court explained the test for whether separate convictions should be entered:

> "(1) Did defendant engage in acts that are 'the same conduct or criminal episode,' (2) did defendant's acts violate two or more 'statutory provisions,' and (3) does each statutory 'provision' require 'proof of an element that the others do not.' " 308 Or at 278.

Defendant did engage in acts that were a single criminal episode. The more difficult question is whether he violated two or more statutory provisions. ORS 163.225(1)(a) and (b) provide alternate ways that first degree kidnapping may be proven: by establishing that a defendant either took a person from one place to another, ORS 163.225(1)(a), *or* secretly confined a person in a place where that person is not likely to be found. ORS 163.225(1)(b).

■     In deciding whether two subsections of a statute constitute two "statutory provisions" for merger purposes, the Supreme Court has said that it is not entirely a matter of how the provisions happen to be codified in the statutes:

> " 'Statutory provision' in ORS 161.062 was not defined to mean a section, subsection, or paragraph; consistent with its purpose, the term can be interpreted to mean any provision defining a 'single crime,' whatever visual form the provision is given." *State v. Kizer*, 308 Or 238, 243, 779 P2d 604 (1989).

"Statutory provisions" mean "prohibitions * * * that address separate and distinct legislative concerns." *State v. Crotsley, supra,* 308 Or at 278. In *State v. Wallock/Hara*, 110 Or App 109, 111, 821 P2d 435 (1991), *rev den* 313 Or 75 (1992), we held that ORS 167.012, which includes four subsections providing four alternative theories to prove promotion of prostitution, encompasses four statutory provisions for purposes of ORS 161.067(1).

In this case, the alternatives in ORS 163.225(1)(a) and (b) for proving kidnapping address separate legislative concerns. Taking a person from one place to another involves dangers and risks different from secretly confining a person in a place where the person is not likely to be found. Each of the kidnapping offenses alleged required proof of an element that the others did not. We conclude that defendant was

properly convicted under separate statutory provisions and that his convictions should not merge. The trial court did not err in entering two convictions for first degree kidnapping.

■ In his final assignment of error, defendant contends that the trial court erred in ordering seven of 12 sentences to run consecutively, because "it did not explain on the record why the consecutive sentences [were] authorized." ORS 137.123(4) requires a trial court to make findings on why consecutive sentences are appropriate. *State v. Racicot*, 106 Or App 557, 809 P2d 726 (1991). However, defendant did not raise this argument below, and we decline to address it. *State v. Crane*, 109 Or App 217, 817 P2d 771 (1991).

Affirmed.

**JOSEPH, C. J.,** dissenting in part; concurring in part.

The majority makes a great deal more out of the state's venue evidence than it deserves. Even taking it in the best light that the majority focuses on it, I am not persuaded that there was sufficient evidence to permit the jury to find beyond a reasonable doubt that the third degree sex crimes occurred in Multnomah County.

ORS 131.315(5) provides, in part:

"If an offense is committed in or upon any * * * vehicle * * * in transit and it cannot readily be determined in which county the offense was committed, trial of the offense may be held in any county through or over which the conveyance passed."

Defendant would make the distinction between a vehicle "in transit" and one not "in transit" hinge on whether the vehicle was moving or parked at the time of the assaults. That is down-right silly. All that needs be said is that the state did not assert the statute as a venue theory in the trial court.

I dissent from the part of the majority's opinion affirming denial of defendant's motion for judgment of acquittal on the third degree sex crimes. I concur otherwise.