Argued and submitted August 28, affirmed December 23, 1992, reconsideration denied March 10, petition for review denied April 20, 1993 (316 Or 142)

## STATE OF OREGON,
### *Respondent,*

*v.*

## BOBBY JOE ROSE,
### *Appellant.*

## (90CR0131TM; CA A69717)

843 P2d 1005

David K. Allen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In a trial to the court, defendant was convicted of one count of first degree rape, ORS 163.375,[1] two counts of second degree rape, ORS 163.365,[2] one count of third degree rape, ORS 163.355,[3] and one count of second degree sexual abuse. ORS 163.415.[4] He appeals only the rape convictions, arguing that the state failed to prove venue in Deschutes County. We affirm.

Defendant resided in Deschutes County at all relevant times. He is an acquaintance of the victim's family and, on occasion, took the victim, a mentally retarded teenage girl,[5] for drives. On two of those occasions he raped her,[6] but she is unable to say exactly where the crimes occurred. He fled to Tennessee and was extradited to Deschutes County, where he was tried. At the close of the state's evidence, defendant moved for a judgment of acquittal on the ground that the state had failed to prove that the crimes were committed in Deschutes County. The court ruled that the evidence was sufficient to permit a rational trier of fact to find that the crimes were committed in Deschutes County and denied the motion.

As trier of fact, the court found that the state had failed to prove beyond a reasonable doubt that the rapes occurred in Deschutes County. For that reason, it relied on ORS 131.325, which provides:

> "If an offense is committed within the state and it cannot readily be determined within which county the commission took place, * * * trial may be held in the county in which the defendant resides, or if the defendant has no fixed residence in this state, in the county in which the defendant is apprehended or to which the defendant is extradited."

---

[1] *Since amended by* Or Laws 1991, ch 628, § 3.

[2] *Since amended by* Or Laws 1991, ch 628, § 2.

[3] *Since amended by* Or Laws 1991, ch 628, § 1.

[4] *Since amended by* Or Laws 1991, ch 830, § 1.

[5] She was 14 when she reported the crimes to her school counselor.

[6] Each incident was the subject of one count based on the victim's age and one count based on the victim's mental defect.

■ Defendant first argues that the trial court misconstrued ORS 131.325. He maintains that that statute was not intended to relieve the state of its burden to prove that the crime was committed in the county where the trial is held. He relies on ORS 131.305(1):

> *"Except as otherwise provided in ORS 131.305 to 131.415*, criminal actions shall be commenced and tried in the county in which the conduct that constitutes the offense or a result that is an element of the offense occurred." (Emphasis supplied.)

His contention is that ORS 131.325 permits the case to be tried in the county in which he resides or to which he is extradited, but does not authorize a conviction in that county if the state fails to prove venue under ORS 131.305(1). It is clear, however, that the legislature intended ORS 131.325 to provide alternative venues when it cannot be readily determined in what county the crime was committed, relieving the state of the burden of proving in what county the crime occurred. If that were not the case, defendant could not be convicted of his crimes.

■ Defendant next argues that, if ORS 131.325 does relieve the state of that burden, it is unconstitutional, because it violates Article I, section 11, of the Oregon Constitution, which guarantees the right of an accused to a public trial by an impartial jury "in the county in which the offense shall have been committed." The right to trial in the county where the offense was committed was "designed for the sole purpose of insuring" that the accused receives a fair and impartial trial. *State ex rel Ricco v. Biggs*, 198 Or 413, 428, 255 P2d 1055 (1953). The purpose is to allay the fear that the right to a fair trial might be compromised if, at the prosecutor's whim, the accused could be

> " 'dragged to a trial at a distant part of the State, away from his friends, and witnesses, and neighborhood, and thus to be subject to the verdict of mere strangers, * * * as well as the necessity of incurring the most oppressive expenses, or perhaps, even to the inability of procuring the proper witnesses to establish his innocence. 2 Story on Const., secs. 1780-81.' " *State v. Lehman*, 130 Or 132, 136, 279 P 283 (1929) (quoting *State v. Robinson*, 14 Minn 447).

In *State v. Lehman, supra*, 130 Or at 134, the court upheld Oregon Laws 1920, section 1385, which provided:

> "When a crime is committed on or within one mile of the boundary line of two or more counties, or when the boundary line between two or more counties is unknown or uncertain, *and it is doubtful in which county such crime was committed*, an action therefore may be commenced and tried in either county." (Emphasis supplied.)

We followed *Lehman* in upholding ORS 131.315(6), the present version of the statute at issue in that case, except that it does not require doubt as to where the crime was committed. *State v. McCown*, 113 Or App 627, 833 P2d 1321 (1992). In both *Lehman*[7] and *McCown*, although the evidence established the county in which the crimes were committed, the Supreme Court in *Lehman* and this court in *McCown* upheld the constitutionality of the statutes permitting venue in another county. *A fortiori*, ORS 131.325, which requires that the county in which the crime was committed not be readily ascertainable, does not violate Article I, section 11.

■ We conclude that, when the county in which the crime charged can be determined, venue is in that county and no other, except as provided in ORS 131.315(6), as interpreted in *State v. McCown, supra*.

We cannot reasonably impute to the framers of the Oregon Constitution the intent to provide immunity to persons who commit crimes under circumstances in which the county in which they were committed is not ascertainable. In those cases, the legislature may provide for a reasonable alternative venue. However, the state must prove beyond a reasonable doubt the factual predicate for the alternative venue. *State v. Cooksey*, 242 Or 250, 251, 409 P2d 335 (1965).

When the situs of the crime cannot reasonably be ascertained, the provision for venue in the county in which

---

[7] In *Lehman*, the court accepted the argument that, for purposes of criminal venue, the county's boundary extends one mile beyond its actual periphery. Therefore, the state was not required to prove that the site of the crime was unascertainable before relying on the extension.

the defendant resides is reasonable. Defendant does not contend that the true situs of the crime could be ascertained from the evidence or that he does not reside in Deschutes County.[8]

Affirmed.

.

---

[8] Defendant raises no federal constitutional issues.