Argued and submitted January 31, affirmed June 7, 2000

# STATE OF OREGON,
*Respondent,*

*v.*

# VICTORIA ANN NEVAREZ,
aka Victoria Ann Boggess,
*Appellant.*

(C972614CR; CA A101592)

5 P3d 1200

John P. Manning argued the cause and filed the brief for appellant.

Kaye Ellen McDonald, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Linder, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LINDER, P. J.

**LINDER, P. J.**

Defendant appeals from numerous convictions arising out of an episode in which she and her husband assaulted and robbed a victim during a burglary. We write only to address whether the trial court erred in failing to merge her two robbery convictions. For the reasons that follow, we affirm.

Defendant was convicted of two counts of first-degree robbery. One count alleged a violation of ORS 164.415(1)(b), robbery while using "a dangerous weapon." The other count charged defendant with violating ORS 164.415(1)(c) by "attempt[ing] to cause serious physical injury" in the course of the robbery. Defendant argues that those convictions should merge because she robbed only one victim and because the charges required proof of the same elements. The state responds that *former* ORS 161.062(1)[1] precluded merger because "each of the prohibitions that defendant violated is designed to deter a different harm, intent, or evil." We agree with the state.

■　As ORS 161.062(1) makes clear, a defendant may be convicted of multiple crimes for a single criminal episode, even when only one victim is involved. *See State v. O'Neall*, 115 Or App 62, 67-68, 836 P2d 758, *rev den* 314 Or 574 (1992) (rejecting argument that kidnapping convictions should merge because the defendant kidnapped only one victim). We therefore reject defendant's argument that the robbery convictions should merge because only a single victim was involved.

■　We turn to whether ORS 161.062(1) otherwise precludes merger. As the Supreme Court explained in *State v.*

---

[1] *Former* ORS 161.062(1) provided, in part:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

Although ORS 161.062 was repealed by the 1999 legislature, *see* Or Laws 1999, ch 136, § 1, we refer to the former statute because defendant's sentence was entered before the effective date of its repeal. We note, however, that language identical to *former* ORS 161.062(1) remains in ORS 161.067(1).

*Crotsley,* 308 Or 272, 276, 779 P2d 600 (1989), ORS 161.062(1) was intended to replace the judicially fashioned rules addressing circumstances in which a single criminal episode provides grounds for multiple convictions and sentences. When a defendant engaged in acts that were part of a single criminal episode, that defendant may be convicted of multiple crimes as long as the acts violated two or more "statutory provisions" and each "provision" requires "proof of an element that the others do not." *Crotsley,* 308 Or at 278 (construing ORS 161.062(1)).

■ A person commits robbery if, in the course of committing or attempting to commit theft, the person uses or threatens immediate use of physical force, with the intent of:

"(a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or

"(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft."

ORS 164.395(1) (defining third-degree robbery). The crime elevates to first-degree robbery if:

"[T]he person violates ORS 164.395 and the person:

"(a) Is armed with a deadly weapon; or

"(b) Uses or attempts to use a dangerous weapon; or

"(c) Causes or attempts to cause serious physical injury to any person."

ORS 164.415(1).

Thus, ORS 164.415(1) provides three ways to commit robbery in the first degree: The first way is to commit robbery while armed with a deadly weapon; the second is to use or attempt to use a dangerous weapon during the commission of a robbery; and the third way is to cause or attempt to cause serious physical injury to another while committing a robbery. In the first two, the state must establish that the weapon involved was either a dangerous *or* a deadly weapon. *See generally* ORS 161.015(1) and (2) (defining "dangerous weapon" and "deadly weapon" respectively). In either case,

however, the defendant need not cause or attempt to cause physical injury to another. In the third, the defendant need not use or be armed with a dangerous or deadly weapon. Consequently, each subsection requires proof of an element not required by the other.

■        The issue in this case therefore reduces to whether the subsections of ORS 164.415(1) constitute separate "statutory provisions." *See Crotsley*, 308 Or at 278. The phrase "statutory provision," as used in ORS 161.062(1), does not necessarily depend on a technical appraisal of how many sections, subsections, or paragraphs a statute includes. *State v. Kizer*, 308 Or 238, 243, 779 P2d 604 (1989). The question is whether, in enacting the different subsections, the legislature was attempting to define a single crime or instead was addressing separate and distinct legislative concerns. *See Crotsley,* 308 Or at 278 (statutory subsections are separate "statutory provisions" if they address distinct legislative concerns); *Kizer,* 308 Or at 243 (examining whether subsections defined a "single crime").

In that regard, this case is similar to *O'Neall*. There, we examined whether the subsections of the first-degree kidnapping statute constituted separate statutory provisions for purposes of ORS 161.062(1) and ORS 161.067(1). That statute provided that first-degree kidnapping could be proven by establishing that the defendant either took a person from one place to another or secretly confined a person in a place where that person was not likely to be found. ORS 163.225(1)(a) and (b). We held that those two alternatives addressed separate legislative concerns because "[t]aking a person from one place to another involves dangers and risks different from secretly confining a person in a place where the person is not likely to be found." *O'Neall,* 115 Or App at 68.

The subsections at issue in this case similarly address different harms and risks. ORS 164.415(1)(c) is concerned only with serious physical injuries. Subsection (b) is not so limited. By proscribing the use of a dangerous weapon, subsection (b) not only recognizes concerns about elevated risks of physical injury, but also is concerned with the psychological effects—*e.g.,* heightened terror to the victim—as

well as the increased likelihood that the robber will successfully overcome any resistance to the robbery. The latter risks are elevated even if the perpetrator does not intend to cause or does not actually cause serious physical injuries. Said another way, one subsection addresses legislative concerns about increased risks of physical, emotional, and proprietary harm with the use of dangerous weapons, while the other addresses concerns relating only to serious physical harm. Although those concerns overlap in some respects, they are not identical. We therefore conclude that ORS 164.415(1)(b) and (c) define two separate crimes.

In short, Counts 1 and 2 charged defendant with violating different subsections of the first-degree robbery statute. Each subsection addresses a separate and distinct legislative concern and therefore constitutes a separate "statutory provision." Accordingly, the trial court did not err in denying defendant's motion to merge the two first-degree robbery convictions.

Affirmed.