Argued and submitted December 21, 2000, affirmed May 2, 2001

## STATE OF OREGON,
*Respondent,*

*v.*

## TERRY HUDSON JOHNSON,
*Appellant.*

9806-35433; A105120

25 P3d 353

Rankin Johnson IV, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

**EDMONDS, P. J.**

Defendant appeals from two convictions for robbery in the first degree. One conviction was for violation of ORS 164.415(1)(a), the other for violation of ORS 164.415(1)(b).[1] Defendant argues that because the robbery convictions involved the same victim and the same set of underlying circumstances, he should be subject to only one conviction. We affirm.

■ We recite the facts in the light most favorable to the state. *State v. McFeron*, 166 Or App 110, 112, 999 P2d 470 (2000). In June 1998, defendant attacked the victim while she was attempting to make a cash deposit for her employer at a Portland bank. The victim had approximately $2,228 in cash in a paper bag. Defendant grabbed the victim by the throat, repeatedly yelling, "Give me the money or I'll shoot you." The two struggled, while defendant choked the victim in an effort to get the money. The paper bag ripped, and the cash spilled onto the ground. As the victim attempted to scatter the cash to make it more difficult for defendant to pick up, defendant hit her on the head with a hard object and then gathered up a handful of money and ran away. Bystanders came to the victim's aid, and one witness found a loaded gun clip on the ground about two-and-a-half feet from the victim. There were nine live rounds of ammunition in the clip.

Defendant was arrested several blocks from the scene of the robbery. Officers found a .22 caliber handgun, $700 in cash, and discarded clothing matching the victim's description of defendant's clothing in a field nearby. The victim identified defendant as her attacker both at the arrest scene and in court, and other witnesses were able to confirm that defendant was the person they had seen attacking the victim. Defendant was convicted after a jury trial of two

---

[1] ORS 164.415(1) provides:

"A person commits the crime of robbery in the first degree if the person violates ORS 164.395 and the person:

"(a) Is armed with a deadly weapon; or

"(b) Uses or attempts to use a dangerous weapon; or

"(c) Causes or attempts to cause serious physical injury to any person."

counts of robbery, assault in the second degree, and being a felon in possession of a firearm.[2]

■       On appeal, defendant argues first that the court erred by refusing to merge his robbery convictions. He urges that:

> "The judgment of conviction of the second count of robbery is improper. Two counts of robbery, committed against the same victim, at the same time, under different theories, merge for purposes of conviction, as well as sentencing. *State v. Babb*, 91 Or App 676, 756 P2d 1264[, *rev den* 306 Or 660] (1988). Therefore, the two counts should have merged, and the judgment should reflect only one conviction for robbery."

Defendant's reliance on *Babb* is misplaced. The defendant in *Babb* was charged in the alternative with having robbed the same victim on the same date, using either a knife as a dangerous weapon or a gun as a deadly weapon. The jury convicted the defendant on both counts. The trial court orally ruled that the two convictions would merge but then entered a judgment that was inconsistent with its oral ruling. On appeal, the state agreed that the court should have entered a single conviction. This case differs from *Babb* because defendant was not charged in the alternative. Rather, the state alleged that defendant violated both statutes during the course of the crime by using physical force while armed with a handgun and by using physical force against her with a dangerous weapon (the hard object with which he hit her head).

■       ORS 161.067(1) governs this issue. It provides, in relevant part:

> "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

---

[2] Defendant does not appeal from the convictions for assault and being a felon in possession of a firearm.

We begin with the question of whether defendant's conduct, which violated both ORS 164.415(1)(a) and (1)(b), was a violation of two or more separate "statutory provisions" within the meaning of ORS 161.067(1).

> "[T]he phrase 'statutory provision' as used in ORS 161.062(1)[3] does not necessarily depend on a technical appraisal of how many sections, subsections or paragraphs a statute includes. *State v. Kizer*, 308 Or 238, 243, 779 P2d 604 (1989). The question is whether, in enacting the different subsections, the legislature was attempting to define a single crime or instead was addressing separate and distinct legislative concerns." *State v. Nevarez*, 168 Or App 325, 329, 5 P3d 1200 (2000).

In *Nevarez*, we said that the legislative concerns expressed by ORS 164.415(1)(b) are:

> "elevated risks of physical injury [and] the psychological effects—*e.g.*, heightened terror to the victim—as well as the increased likelihood that the robber will successfully overcome any resistance to the robbery." *Id.* at 329-30.[4]

Subsection (b) requires the use or attempted use of a dangerous weapon. A "dangerous weapon" is an object "which under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury." ORS 161.015(1). In contrast, subsection (a) requires that the offender be armed with a deadly weapon. A "deadly weapon" is "any instrument, article or substance specifically designed for and presently capable of causing death or serious physical injury." ORS 161.015(2). Subsection (a) focuses on the psychological and coercive effect on victims being confronted by an armed offender, while subsection (b) focuses as well on the physical risks attendant to the use or attempted use of a dangerous weapon. Thus, ORS

---

[3] The provisions of ORS 161.067(1) were duplicated in major part by *former* ORS 161.062, *repealed by* Or Laws 1999, ch 136, § 1. *See State v. Lucio-Camargo*, 172 Or App 298, 303 n 4, 18 P3d 467 (2001).

[4] The defendant in *Nevarez* was charged with violating ORS 164.415(1)(b) and ORS 164.415(1)(c). We held that the subsections contain different proof requirements; subsection (b) requires proof of the use of a weapon, which subsection (c) does not, and subsection (c) requires proof of attempted or actual causation of physical injury, which subsection (b) does not. In *Nevarez*, we upheld the trial court's determination that the defendant's convictions under subsections (b) and (c) should not have merged.

164.415(1)(a) and (b) are separate "statutory provisions" for purposes of merger of convictions, because they address different risks or harm.

ORS 161.067(1) also requires proof of an element in each statute that the other statute does not. ORS 164.415(1)(a) requires mere possession of a *deadly* weapon, while ORS 164.415(1)(b) requires the use or attempted use of a *dangerous* weapon. Consequently, the trial court did not err in refusing to merge defendant's two robbery convictions under ORS 161.067(1), because all of the requirements of ORS 161.067(1) are met.

Defendant's remaining argument concerns the validity of his sentences under Ballot Measure 11 on grounds that have been rejected by this court and the Supreme Court.

Affirmed.