Submitted on record and briefs September 29, reversed and remanded for merger of Counts 4 and 6; sentences vacated; remanded for resentencing; otherwise affirmed December 13, 2006

STATE OF OREGON,
*Respondent,*

*v.*

ZACHARY TAYLOR OWEN,
*Appellant.*

031035330; A125658

149 P3d 299

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Katherine H. Waldo, Senior Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals a judgment of conviction for four counts of robbery in the second degree. ORS 164.405. He assigns error to the trial court's failure to merge his convictions into a single conviction for each victim. Although defendant failed to preserve his claims of error in the trial court, the court's failure to merge his convictions on Counts 4 and 6 of the indictment is error apparent on the face of the record, and we therefore consider it. We reverse and remand for merger of Counts 4 and 6 and for resentencing, and otherwise affirm.

On April 23, 2003, defendant and an accomplice approached Weston and Maplethorpe in a park. Defendant pulled up his sleeve to reveal a gun to the victims; he then cocked the gun and told the victims to give him all of their money. After the victims relinquished their money, defendant and his accomplice fled.

Defendant was charged with two counts of robbery in the first degree, ORS 164.415, and four counts of robbery in the second degree, ORS 164.405. After a bench trial, the court acquitted defendant of robbery in the first degree, but convicted him of four counts of robbery in the second degree as alleged in Counts 3 through 6 of the indictment.

Because the language of the indictment is important to our decision, we discuss Counts 3 through 6 of the indictment in detail. Counts 3 and 5 involved offenses against Weston. Count 3 alleged that defendant committed robbery in the second degree in violation of ORS 164.405(1)(b) by "unlawfully and knowingly us[ing] and threaten[ing] the immediate use of physical force upon * * * Weston, being *aided by another person actually present*." (Emphasis added.) Count 5 alleged that defendant committed robbery in the second degree in violation of ORS 164.405(1)(a) by "unlawfully and knowingly us[ing] and threaten[ing] the immediate use of physical force upon * * * Weston, and did represent by word and conduct that [he] * * * [was] *armed with a deadly and dangerous weapon,* while in the course of committing * * * theft of property." (Emphasis added.)

Counts 4 and 6 of the indictment involved offenses against Maplethorpe. Counts 4 and 6 are virtually identical to each other; both counts alleged that defendant committed robbery in the second degree in violation of ORS 164.405(1)(a), by "unlawfully and knowingly us[ing] and threaten[ing] the immediate use of physical force upon * * * Maplethorpe, and did represent by word and conduct that [he] * * * [was] armed with a deadly and dangerous weapon, while in the course of committing * * * theft of property."[1]

On appeal, defendant first argues that the trial court erred by failing to, *sua sponte*, merge his convictions for the robbery of Weston. Second, he argues that the trial court erred by failing to, *sua sponte*, merge his convictions for the robbery of Maplethorpe. Defendant concedes that he failed to preserve those claims of error but asks this court to review the errors as plain error.

■ We start by discussing the circumstances under which this court has discretion to review unpreserved claims. ORAP 5.45(1) provides, in part:

"No matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court and is assigned as error in the opening brief * * *, provided that the appellate court may consider an error of law apparent on the face of the record."

As a general rule, we review only assignments of error that are preserved in the trial court; however, we may review unpreserved errors that are apparent on the face of the record, that is, plain errors. ORAP 5.45(1); *State v. Terry*, 333 Or 163, 180, 37 P3d 157 (2001), *cert den*, 536 US 910 (2002). Determining whether a claimed error constitutes "plain error" involves a two-step analysis. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). In the first step, three requirements must be satisfied: (1) the error must be an error of law, (2) the error of law must be

[1] There are two minor differences between Counts 4 and 6 of the indictment. Count four includes an additional comma and the words "and personal property," which are absent from Count six. Those differences do not alter the substance of the allegations. Both counts allege that defendant committed robbery in the second degree against Maplethorpe by representing that he was armed with a dangerous weapon.

obvious, not reasonably in dispute, and (3) the error must appear on the face of the record. *State v. Reyes-Camarena*, 330 Or 431, 435, 7 P3d 522 (2000). If those requirements are satisfied, then we move to the second step, where we must expressly decide whether to exercise our discretion to review the error of law. *Ailes*, 312 Or at 382.

■■ Because we reach the merits of defendant's second assignment of error, we begin by addressing that assignment. In his second assignment of error, defendant argues that the trial court erred by failing to merge his convictions for robbery in the second degree of Maplethorpe. The court entered two convictions against defendant for violation of ORS 164.405(1)(a),[2] pursuant to Counts 4 and 6 of the indictment. Defendant argues that the trial court should have entered a single judgment of conviction for his offenses against Maplethorpe, because the convictions constitute a violation of a single statutory provision, they arise from a single criminal episode, and they are against the same victim. The state urges us to decline review of that claim, asserting that the error is not plain.[3] We disagree.

As discussed above, defendant's unpreserved claim constitutes plain error if (1) it is an error of law, (2) the error is obvious, and (3) the error appears on the face of the record. *Reyes-Camarena*, 330 Or at 435. The issue here is whether the trial court's failure to merge defendant's convictions on Counts 4 and 6 was an error of law.

---

[2] ORS 164.405 provides, in part:

"(1) A person commits the crime of robbery in the second degree if the person violates ORS 164.395 and the person:

"(a) Represents by word or conduct that the person is armed with what purports to be a dangerous or deadly weapon; or

"(b) Is aided by another person actually present."

[3] We note that the state responded to defendant's two assignments of error in a "combined argument." The state combined its response to defendant's two assignments of error. In doing so, the state failed to specifically respond to defendant's second assignment of error. In its combined argument, the state discusses whether convictions under ORS 164.405(1)(a) and (b) should merge, which is at issue in defendant's first assignment of error. However, defendant's second assignment of error asserts that two convictions for violating ORS 164.405(1)(a), arising from the same criminal episode, and against the same victim, must be merged.

■ Merger of criminal convictions is governed in part by ORS 161.067(1), which provides, in part:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

Accordingly, ORS 161.067(1) permits a court to enter separate judgments of conviction for acts that arise from the same criminal episode if (1) the acts violate two or more statutory provisions, and (2) each statutory provision requires proof of an element that the others do not. *See State v. Crotsley*, 308 Or 272, 278, 779 P2d 600 (1989) (interpreting *former* ORS 161.062(1) (1989), *repealed by* Or Laws 1999, ch 136, § 1, which contained the same language that now appears in ORS 161.067).

The trial court convicted defendant of robbery in the second degree of Maplethorpe pursuant to Counts 4 and 6 of the indictment. We conclude that the trial court erred in entering separate judgments of conviction on those counts, because defendant's conduct violated only one statutory provision, ORS 164.405(1)(a). It is apparent on the face of the record that Counts 4 and 6 of the indictment are identical; both counts allege that defendant violated ORS 164.405(1)(a) by representing to Maplethorpe that defendant was armed with a deadly weapon while in the course of committing theft of Maplethorpe's property. Accordingly, it is not reasonably in dispute that ORS 161.067(1) did not authorize the trial court to enter separate judgments of conviction against defendant for Counts 4 and 6. The court's failure to merge those convictions is an error of law, the error is obvious, and it appears on the face of the record. In the interest of justice, we choose to exercise our discretion to correct that error.

■ In his remaining assignment of error, defendant asserts that the trial court erred by failing to merge his convictions for the robbery of Weston. The trial court entered one conviction for violation of ORS 164.405(1)(a), pursuant to Count 5, and another conviction for violation of ORS 164.405(1)(b), pursuant to Count 3. Defendant argues that he should be subject to only one conviction for those offenses,

because he violated a single statutory provision in a single criminal episode against one victim, Weston. Again, the state urges us to decline review of that assignment by asserting that defendant's claim is not plain error. The state contends that merger of second-degree robbery convictions under ORS 164.405(1)(a) and (b) is reasonably in dispute. We agree with the state.

To determine whether the trial court's failure to merge defendant's convictions for his offenses against Weston was an obvious error of law, we again turn to ORS 161.067(1). As we explained above, ORS 161.067(1) permits the trial court to enter separate judgments of conviction for acts that arise from the same criminal episode if the acts violate two or more statutory provisions and each statutory provision requires proof of an element that the others do not.

Here, the issue is whether ORS 164.405(1)(a) and (b) are separate "statutory provisions" within the meaning of ORS 161.067(1). That question has not been decided and, to answer it, we must determine whether the legislature intended to define a single crime or two separate crimes when it enacted the robbery in the second-degree statute. *See State v. White*, 341 Or 624, 638-39, 147 P3d 313 (2006).

This court resolved an arguably similar question in a manner contrary to defendant's assertion, in *State v. Johnson*, 174 Or App 27, 25 P3d 353 (2001), *rev den*, 334 Or 492 (2002). In *Johnson*, we upheld separate convictions for robbery in the first degree under ORS 164.415(1)(a) and (b),[4] concluding that ORS 164.415(1)(a) and (b) are separate statutory provisions for purposes of merger of convictions. *Id.* at 31-32. The holding in *Johnson* calls into question defendant's assertion that ORS 164.405(1)(a) and (b) are the same statutory provision. Because the question of whether a trial court should merge convictions for robbery in the second degree

---

[4] ORS 164.415 provides, in part:

"(1) A person commits the crime of robbery in the first degree if the person violates ORS 164.395 and the person:

"(a) Is armed with a deadly weapon; or

"(b) Uses or attempts to use a dangerous weapon; or

"(c) Causes or attempts to cause serious physical injury to any person."

under ORS 164.405(1)(a) and (b) is reasonably in dispute, defendant's first claimed error is not plain error.

Reversed and remanded for merger of Counts 4 and 6; sentences vacated; remanded for resentencing; otherwise affirmed.