Argued and submitted December 28, 2012, reversed and remanded
November 14, 2013

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**DEANE JAMES PARSONS,**
*Defendant-Appellant.*

Jackson County Circuit Court
101994MI; A147575

314 P3d 343

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jennifer S. Lloyd, Attorney-in-Charge, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant was convicted of failing to validate a deer tag in Jackson County after he shot and killed a deer in violation of administrative rules.[1] ORS 496.992(1) provides that "a violation of any provision of the wildlife laws, or any rule adopted pursuant to the wildlife laws, is a Class A misdemeanor if the offense is committed with a culpable mental state." On appeal, defendant argues that the state did not prove venue in Jackson County and that the trial court improperly denied his motion for judgment of acquittal on that basis. For the reasons explained below, we reverse and remand.

The facts presented at trial are not disputed. Defendant was suspected of exceeding the "bag limit," or number of deer he was permitted to kill, during the 2009 hunting season. During an investigation at defendant's home in La Pine, defendant admitted to state troopers that he had killed "a 3 x 3 buck *** near Butte Falls" but could not produce the requisite tag.[2] The troopers ultimately discovered a tag issued in August 2009 that was signed by defendant but that was not validated.[3] The defendant was cited for his failure to validate his tag.

At the close of the state's evidence, defendant moved for judgment of acquittal; he argued that the state did not prove the proper venue was in Jackson County. More specifically, defendant contended that

"[t]he venue for this crime is where the animal was killed. That's where you have a duty to validate a tag attached to the animal. *** If the state is unable to figure out which county venue it is appropriate in, then according to ORS 131.325, that case should be tried in *** defendant's county of residence, which in this case would be Deschutes County."

---

[1] OAR 635-065-0765(1) provides:

"When the owner of any game mammal tag kills a game mammal for which a tag is issued, the owner shall immediately remove in its entirety only the month and day of kill and attach the tag in plain sight securely to the game mammal. The tag shall be kept attached to such carcass or remain with any parts thereof so long as the same are preserved."

[2] The state established at trial that Butte Falls lies within Jackson County.

[3] The hunting tag instructed hunters, "upon taking a *** game animal for which the tag is valid, [to] immediately remove in its entirety only the month and day of the kill" and to "[a]ttach the tag to the animal in plain sight."

The trial court denied the motion, determining that there was sufficient evidence to determine venue was proper in Jackson County.

Pursuant to ORS 131.305(1), venue is proper "in the county in which the conduct that constitutes the offense or a result that is an element of the offense occurred." When the location of the commission of the offense "cannot readily be determined * * * trial may be held in the county in which the defendant resides, or if the defendant has no fixed residence in this state, in the county in which the defendant is apprehended or to which the defendant is extradited." ORS 131.325. The Supreme Court recently revisited the issue of venue in *State v. Mills*, 354 Or 350, 312 P3d 515 (2013). The court overruled previous decisions holding that the state is constitutionally required to prove venue beyond a reasonable doubt and venue is a material allegation of the crime charged.

In *Mills*, the defendant was stopped for a traffic violation; the defendant was driving 80 miles per hour near milepost 57 on Highway 26 and stopped near milepost 56. Defendant was cited and convicted of driving while his license was revoked. *Id.* at 352. The defendant appealed, arguing that the state failed to establish venue and that he was entitled to a judgment of acquittal. However, the court held that "the state was not required by Article I, section 11, to prove that the traffic stop occurred in Washington County [at the time of trial], given that defendant did not raise the issue of venue until trial already had commenced." *Id.* at 373. Rather, the court concluded that the proper timing for a defendant's challenge to venue is *before* trial through a pretrial objection, serving the dual purpose of (1) protecting defendants from potential hardship and unfairness of standing trial in a distant venue, and (2) precluding defendants from waiting until trial to raise the issue of venue and creating the need for a new trial or implicating double-jeopardy. *Id.* As a matter of fairness, the court remanded to allow the defendant to choose whether to challenge venue. *Id.* 373-74.

In light of, and consistent with *Mills*, we reverse and remand to the trial court to follow the procedure that the

court identified. If defendant elects not to challenge venue under Article I, section 11, the trial court will reinstate its judgment of conviction. If defendant elects to so challenge venue, the trial court may hold an evidentiary hearing. The state will have the opportunity to establish, and defendant will have the opportunity to contest, that venue was appropriate in Jackson County.

Reversed and remanded.