Argued and submitted January 8, reversed and remanded March 5, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN PAUL WEILERT,
*Defendant-Appellant.*

Wheeler County Circuit Court
110002CR; A152826

323 P3d 513

Brandon Callheim argued the cause for appellant. On the opening brief was Christopher A. McCormack.

Greg Rios, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

HADLOCK, J.

HADLOCK, J.

Defendant was charged in Wheeler County Circuit Court with 28 counts of various sex offenses. At trial, defendant moved for judgment of acquittal on all counts, arguing that the state had failed to prove that the offenses occurred in Wheeler County.[1] The trial court denied the motion, and a jury subsequently convicted defendant on all counts. Defendant appeals, assigning error to the denial of his motion for judgment of acquittal. After the parties submitted their briefs in this case, the Supreme Court issued its opinion in *State v. Mills*, 354 Or 350, 312 P3d 515 (2013), in which it held, contrary to its earlier decisions, that proper venue is not a material allegation that Article I, section 11, of the Oregon Constitution requires the state to prove beyond a reasonable doubt at trial. Rather, the court held, a criminal defendant has a waivable right to object—before trial—to improper venue. In a memorandum of additional authorities, defendant contends that we must remand this case to the trial court in order to give him an opportunity to object to venue as prescribed in *Mills*. We agree with defendant and therefore reverse and remand.

Because *Mills* controls our decision, we begin by summarizing that case. The defendant was stopped by a City of North Plains police officer near milepost 56 on Highway 26 for a traffic violation that the officer had observed near milepost 57. *Id.* at 351-52. He was charged with driving while his license was revoked. At trial in Washington County Circuit Court, after the state rested, the defendant moved for a judgment of acquittal, arguing that the state had failed to prove that he had committed the offense in Washington County. The trial court denied the motion and ultimately convicted the defendant. This court reversed, holding that the state had failed to meet its burden to establish venue beyond a reasonable doubt. *State v. Mills*, 248 Or App 648, 274 P3d 230 (2012). The Supreme Court took review of the case.

---

[1] The state's theory at trial was that, on 14 different occasions, defendant both sexually abused and sexually penetrated the victim. In support of his motion for judgment of acquittal, defendant also argued that the state had failed to prove that the offenses occurred on 14 different occasions, a contention he renews on appeal. We reject that argument without discussion.

In its earlier cases, the Supreme Court had held that, under Article I, section 11, of the Oregon Constitution,[2] the location of an offense was a material allegation in the indictment that the state was required to prove beyond a reasonable doubt. *See, e.g., State v. Harvey,* 117 Or 466, 242 P 440 (1926); *see also Mills,* 354 Or at 365-69 (discussing Oregon cases). The court revisited the issue in *Mills* and concluded that the text of Article I, section 11, and the historical circumstances of the adoption of that provision did not support its earlier decisions. 354 Or at 371. Instead, the court held, Article I, section 11, guarantees "a matter of personal right, which—like other constitutional rights—may be forfeited if not timely asserted." *Id.* It concluded that, to avoid waiving the right, a defendant must put venue at issue in a pretrial motion. *Id.* at 372-73. The court found that to be appropriate for two reasons. First, it observed that "the purpose of the right is to protect a defendant from the hardship and potential unfairness of being required to stand trial in a distant place" and that "it makes sense that the matter of venue should be resolved as soon as possible before the trial itself." *Id.* at 373. Second, the court reasoned, "requiring a timely pretrial objection precludes a defendant from waiting until the trial has begun to raise the issue of venue, thus creating the need to start the trial over again or, worse, spawning potential double-jeopardy problems." *Id.*

The court then turned to the disposition of the case:

> "Consistently with our holding, the state was not required by Article I, section 11, to prove that the traffic stop occurred in Washington County, given that defendant did not raise the issue of venue until trial already had commenced. Under the circumstances, however, we conclude that it would be unfair to defendant to hold that he forfeited the opportunity to challenge venue, in light of the fact that the law in effect at the time of trial permitted him to wait until the state rested to raise the issue.

> "Accordingly, we reverse the decision of the Court of Appeals and reverse the trial court judgment of the circuit court and remand for further proceedings. If, on remand,

---

[2] Article I, section 11, provides, in part, "In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed[.]"

> defendant elects not to challenge venue under Article I, section 11, the trial court judgment must be reinstated. If defendant challenges venue under Article I, section 11, the trial court may hold an evidentiary hearing at which the state will have the opportunity to establish—and defendant will have the opportunity to contest—that Washington County is the appropriate venue. If the court concludes that the state has met its burden of establishing venue, the judgment of the circuit court must be reinstated."

*Id.* at 373-74.

In this case, defendant asserts that a remand is required under *Mills*. For its part, the state acknowledges that, when defendants who unsuccessfully challenged venue through motions for judgment of acquittal before the Supreme Court decided *Mills* assign error to the denial of those motions on appeal, we should generally remand the cases to the trial court to allow the defendants an opportunity to object to venue. *Cf. State v. Parsons*, 259 Or App 344, 314 P3d 343 (2013) (reversing and remanding in those circumstances). The state argues, however, that the facts of this case show that a remand would serve no purpose. According to the state, the sufficiency of the venue evidence in *Mills* was subject to some dispute, whereas here, the evidence clearly showed that defendant's offenses occurred in Wheeler County, where defendant was tried. The state cites uncontradicted evidence that all of the offenses took place in two residences and that those residences were in Wheeler County. It also asserts that defendant had every reason to offer evidence disputing venue at his trial but did not do so. In the interest of judicial economy, the state contends, we should simply affirm defendant's convictions.

The problem with the state's position is that, had the Supreme Court adopted that reasoning in *Mills*, the result would have been an affirmance, not the remand that the Supreme Court in fact ordered. The state does not explain its assertion that the evidence in *Mills* was subject to some dispute, and it is not readily apparent what challenges to venue the defendant in that case might have been able to make. Indeed, in its appellate brief in *Mills*, the state asserted that an Oregon Department of Transportation map confirmed, "without any doubt, that mileposts 56 and 57 of Highway 26

are well within the bounds of Washington County." Yet the Supreme Court remanded so the defendant would have a chance to challenge venue if he so elected. We perceive no fundamental distinction between the strength of the evidence regarding the location of the offense in *Mills* and the strength of the venue-related evidence in this case that would justify a departure from the remedy that the Supreme Court ordered in *Mills*. The state also does not explain why, in this case, defendant's incentive to offer evidence disputing venue at trial was any greater than that of the defendant in *Mills*. We can discern no distinction between the two cases in that regard.

In *Mills*, the court appears to have chosen not to make assumptions about how the defendant might have been able to undermine the state's evidence concerning venue. Here, as in *Mills*, it is at least theoretically possible that defendant could have developed a different record had he elected to make a pretrial challenge to venue. Given the state of the law at the time of defendant's trial, "it would be unfair to defendant to hold that he forfeited the opportunity" to do that. *Mills*, 354 Or at 373. Accordingly, we reverse the trial court's judgment and remand for further proceedings consistent with *Mills*. *See id.* at 373-74.

Reversed and remanded.