Submitted January 22, reversed and remanded March 5, petition for review denied June 26, 2014 (355 Or 703)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES EDWARD BURTON, SR.,
aka James Edward Burton Jr.,
aka William Edward Burton,
aka James Edward Burton,
*Defendant-Appellant.*

Multnomah County Circuit Court
110833628; A150704

323 P3d 516

Peter Gartlan, Chief Defender, Office of Public Defense Services, filed the opening brief for appellant. James E. Burton Sr. filed a supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

HADLOCK, J.

## HADLOCK, J.

Defendant appeals a judgment of the Multnomah County Circuit Court convicting him of second-degree robbery, ORS 164.405, and second-degree kidnapping, ORS 163.225. Defendant raises three assignments of error. We reject two of those assignments (including one made in defendant's *pro se* supplemental brief) without discussion and write only to address defendant's contention that the trial court erred in denying his motion for judgment of acquittal on the ground that the state failed to prove that the offenses took place in Multnomah County. We reverse and remand on the limited basis described below.

After the parties filed their briefs in this case, the Supreme Court issued its opinion in *State v. Mills*, 354 Or 350, 371, 312 P3d 515 (2013), in which it held, contrary to its earlier decisions, that Article I, section 11, of the Oregon Constitution does not require the state to prove proper venue beyond a reasonable doubt at trial. Rather, the court held, a criminal defendant has a waivable right to object to improper venue. *Id.* In light of that conclusion, a motion for judgment of acquittal is not the appropriate procedural vehicle for a venue-based objection. Instead, a defendant must put venue at issue in a pretrial motion. *Id.* at 372-73. Because the law in effect when the defendant in *Mills* challenged venue allowed him to wait until the state had rested its case before raising the issue, however, the court concluded that it would be unfair to hold that he had forfeited the opportunity to challenge venue through the newly prescribed pretrial procedure. *Id.* at 373. Accordingly, it reversed the trial court's judgment and remanded the case for further proceedings in which the defendant would have a chance to challenge venue if he so elected, explaining:

> "If, on remand, defendant elects not to challenge venue under Article I, section 11, the trial court judgment must be reinstated. If defendant challenges venue under Article I, section 11, the trial court may hold an evidentiary hearing at which the state will have the opportunity to establish— and defendant will have the opportunity to contest—that Washington County is the appropriate venue. If the court

concludes that the state has met its burden of establishing venue, the judgment of the circuit court must be reinstated."

*Id.* at 373-74.

Like the defendant in *Mills*, in this case, defendant waited until the close of the state's case-in-chief to raise the venue issue, and he did so by way of a motion for judgment of acquittal. On appeal, defendant briefed the issue under the case law that preceded *Mills*, and he has not filed a memorandum of additional authorities addressing *Mills* or requesting that we remand the case to the trial court. Nevertheless, we conclude that a remand is appropriate, for two reasons. First, as the Supreme Court stated, given the state of the law before *Mills*, it would be unfair to conclude that defendant had forfeited the right to challenge venue by waiting to do so until the state had rested its case. Second, the court's statement that defendants can elect *on remand* whether to challenge venue suggests that a defendant need not make that election on appeal in cases in this posture. *See also State v. Weilert*, 261 Or App 529, 532, 323 P3d 513 (2014) (noting the state's concession that, "when defendants who unsuccessfully challenged venue through motions for judgment of acquittal before the Supreme Court decided *Mills* assign error to the denial of those motions on appeal, we should generally remand the cases to the trial court to allow the defendants an opportunity to object to venue"); *cf. State v. Parsons*, 259 Or App 344, 314 P3d 343 (2013) (reversing and remanding in those circumstances). Accordingly, we reverse the trial court's judgment and remand for further proceedings consistent with *Mills. See Mills*, 354 Or at 373-74.

Reversed and remanded.