Submitted January 21, conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed March 5, appellant's petition for reconsideration filed March 6, and respondent's petition for reconsideration filed March 19 allowed by opinion April 16, 2014
See 262 Or App 327, 323 P3d 979 (2014)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## LEE RAY SHARP,
*Defendant-Appellant.*

Josephine County Circuit Court
120096M; A151911

323 P3d 519

Peter Gartlan, Chief Defender, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Matthew J. Lysne, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Nakamoto, Judge, and DeVore, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment convicting him of resisting arrest (Count 1) and two counts of attempted assault of a public safety officer (Counts 3 and 4). Defendant assigns error to the trial court's denial of his motion for judgment of acquittal on Count 3. Following *State v. Mills*, 354 Or 350, 312 P3d 515 (2013), we reverse as to Count 3 and remand for resentencing but otherwise affirm.

The relevant facts are as follows: Defendant was arrested at the Applegate Tavern in Josephine County, Oregon. Paramedics took him to "the hospital," where he kicked a deputy from the Josephine County Sheriff's Office. That act led the state to charge defendant with Count 3, attempted assault of a public safety officer. ORS 163.208; ORS 161.405. The information charged defendant with having committed Count 3 in Josephine County. The case proceeded to trial. At the close of the state's case, defendant moved for a judgment of acquittal on Count 3, arguing that the state had failed to prove beyond a reasonable doubt that the hospital where he allegedly had attempted to assault a public safety officer was located in Josephine County. The trial court denied the motion, and defendant appealed.

After the parties filed their briefs in this case, the Supreme Court issued its decision in *Mills*, in which it held, contrary to its earlier decisions—upon which defendant in this case had relied—that Article I, section 11, of the Oregon Constitution does not require the state to prove proper venue beyond a reasonable doubt at trial; rather, a defendant must put venue at issue in a pretrial motion. 354 Or at 372-73. Because the law in effect when the defendant in *Mills* challenged venue allowed him to wait until the state had rested its case before raising the issue, the court concluded that it would be unfair to hold that he had forfeited the opportunity to challenge venue through the newly prescribed pretrial procedure. *Id.* at 373. Accordingly, the court reversed the trial court's judgment and remanded for further proceedings, explaining:

"If, on remand, [the] defendant elects not to challenge venue under Article I, section 11, the trial court judgment must be reinstated. If [the] defendant challenges venue under

Article I, section 11, the trial court may hold an evidentiary hearing at which the state will have the opportunity to establish—and [the] defendant will have the opportunity to contest—that Washington County is the appropriate venue. If the court concludes that the state has met its burden of establishing venue, the judgment of the circuit court must be reinstated."

*Id.* at 373-74.

In a memorandum of additional authorities, defendant in the present case contends that we should remand this case to the trial court in order to give him an opportunity to object to venue under the procedure established in *Mills.* For the reasons that we explain in *State v. Weilert,* 261 Or App 529, 532-33, 323 P3d 513 (2014), we agree with defendant. Thus, we reverse and remand as to Count 3 for the trial court to follow the procedure that the court identified in *Mills,* 354 Or at 373-74.

Conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed.