Submitted January 22, reversed and remanded March 5, 2014

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MICHAEL JEFFREY SCHREIBER,
*Defendant-Appellant.*

Washington County Circuit Court
C111694CR; A150929

323 P3d 517

Peter Gartlan, Chief Defender, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of the Washington County Circuit Court convicting him of failure to register as a sex offender, *former* ORS 181.599 (2011), *renumbered as* ORS 181.812 (2013). At trial, after the state rested its case, defendant moved for a judgment of acquittal, arguing that the state had failed to prove that Washington County was the proper venue. The trial court denied the motion and subsequently convicted defendant. On appeal, defendant assigns error to the denial of his motion for judgment of acquittal. We reverse and remand.

After the parties filed their briefs in this case, the Supreme Court issued its opinion in *State v. Mills*, 354 Or 350, 371-73, 312 P3d 515 (2013), in which it held, contrary to its earlier decisions, that Article I, section 11, of the Oregon Constitution does not require the state to prove proper venue beyond a reasonable doubt at trial and that a defendant must put venue at issue in a pretrial motion. Because the law in effect when the defendant in *Mills* challenged venue allowed him to wait until the state had rested its case before raising the issue, the court concluded that it would be unfair to hold that he had forfeited the opportunity to challenge venue through the newly prescribed pretrial procedure. *Id.* at 373. Accordingly, it reversed the trial court's judgment and remanded the case for further proceedings in which the defendant would have a chance to challenge venue if he so elected, explaining:

> "If, on remand, defendant elects not to challenge venue under Article I, section 11, the trial court judgment must be reinstated. If defendant challenges venue under Article I, section 11, the trial court may hold an evidentiary hearing at which the state will have the opportunity to establish—and defendant will have the opportunity to contest—that Washington County is the appropriate venue. If the court concludes that the state has met its burden of establishing venue, the judgment of the circuit court must be reinstated."

*Id.* at 373-74.

In a memorandum of additional authorities, defendant contends that we must remand this case to the trial court in order to give him an opportunity to object to venue

under the procedure established in *Mills*. For the reasons that we explained in *State v. Weilert*, 261 Or App 529, 532-33, 323 P3d 513 (2014), we agree with defendant. Accordingly, we reverse the trial court's judgment and remand for further proceedings consistent with *Mills*. *See Mills*, 354 Or at 373-74.

Reversed and remanded.