On appellant's petition for reconsideration filed March 6, on respondent's petition for reconsideration filed March 19, reconsideration allowed; former disposition (261 Or App 554, 323 P3d 519) withdrawn; conviction on Count 3 reversed and remanded; otherwise affirmed April 16, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LEE RAY SHARP,
*Defendant-Appellant.*

Josephine County Circuit Court
120096M; A151911

323 P3d 979

Peter Gartlan, Chief Defender, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, for appellant's petition.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Matthew J. Lysne, Senior Assistant Attorney General, for respondent's petition.

Before Duncan, Presiding Judge, and Nakamoto, Judge, and DeVore, Judge.

PER CURIAM

## PER CURIAM

Defendant appealed from a judgment of conviction, contending that the trial court erred in denying his motion for a judgment of acquittal on Count 3, which charged him with attempted assault of a public safety officer. ORS 163.208; ORS 161.405. Defendant argued that the state had failed to prove venue as to that count. While defendant's appeal was pending, the Oregon Supreme Court issued its decision in *State v. Mills*, 354 Or 350, 312 P3d 515 (2013), in which it overruled its prior decisions that required the state to prove venue at trial and held that, if a defendant disputes venue, the defendant must challenge it through a pretrial motion. Following *Mills*, we reversed and remanded "as to Count 3 for the trial court to follow the procedure identified in *Mills.*" *State v. Sharp*, 261 Or App 554, 556, 323 P3d 519 (2014).

Defendant had also been convicted of one count of resisting arrest (Count 1), and a second count of attempted assault of a public safety officer (Count 4), but did not challenge those convictions on appeal. Our tagline stated, "Conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed."

Both defendant and the state have filed petitions for reconsideration, asserting that our tagline is inconsistent with the holding of the opinion. Both contend that resentencing is unnecessary. We agree and, therefore, allow reconsideration, withdraw our former tagline, and replace it with the following: Conviction on Count 3 reversed and remanded; otherwise affirmed.

Reconsideration allowed; former disposition withdrawn; conviction on Count 3 reversed and remanded; otherwise affirmed.