Argued and submitted September 24, 2013, reversed and remanded on Count 2; remanded for resentencing; otherwise affirmed June 18, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHAWN NATHAN BISBY,
*Defendant-Appellant.*

Washington County Circuit Court
C102438CR; A149333

330 P3d 51

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Defendant appeals a judgment of the Washington County Circuit Court convicting him of unlawful possession of cocaine, ORS 475.884, and failure to register as a sex offender, *former* ORS 181.599 (2011), *renumbered as* ORS 181.812 (2013). At trial, after the state had rested its case, defendant moved for a judgment of acquittal on the charge of failure to register as a sex offender, contending that the state had failed to prove that venue was proper in Washington County. On appeal, defendant assigns error to the denial of his motion for judgment of acquittal.[1] As explained below, we reverse and remand.

After the parties filed their briefs in this case, the Supreme Court decided *State v. Mills*, 354 Or 350, 312 P3d 515 (2013). In that case, the court held, contrary to its earlier decisions, that venue is not a material allegation that Article I, section 11, of the Oregon Constitution requires the state to prove beyond a reasonable doubt at trial. *Id.* at 371. Instead, a criminal defendant has a waivable right to object to improper venue by way of a pretrial motion. *Id.* at 371-72. Although the defendant in *Mills* had waited to challenge venue until the close of the state's case-in-chief, the court concluded that "it would be unfair to [the] defendant to hold that he forfeited the opportunity to challenge venue, in light of the fact that the law in effect at the time of trial permitted him to wait until the state rested to raise the issue." *Id.* at 373. Accordingly, the court reversed the trial court's judgment and remanded the case for further proceedings in which the defendant would have an opportunity to challenge venue if he elected to do so. The court explained:

> "If, on remand, defendant elects not to challenge venue under Article I, section 11, the trial court judgment may be reinstated. If defendant challenges venue under Article I, section 11, the trial court may hold an evidentiary hearing

---

[1] In three additional assignments of error, defendant argues that the trial court erred in instructing the jury that it could reach a nonunanimous verdict and in accepting the jury's nonunanimous verdict on both charges. We reject those arguments without discussion. *See State v. Cobb*, 224 Or App 594, 596-97, 198 P3d 978 (2008), *rev den*, 346 Or 364 (2009); *State v. Bowen*, 215 Or App 199, 168 P3d 1208 (2007), *adh'd to as modified on recons*, 220 Or App 380, 185 P3d 1129, *rev den*, 345 Or 415 (2008), *cert den*, 558 US 815 (2009).

at which the state will have the opportunity to establish—and defendant will have the opportunity to contest—that Washington County is the appropriate venue. If the court concludes that the state has met its burden of establishing venue, the judgment of the circuit court must be reinstated."

*Id.* at 373-74.

As in *Mills*, defendant here waited until the state rested to raise the issue of venue and, when he raised the issue, he did so in a motion for judgment of acquittal. Given that he filed his brief before *Mills* was decided, on appeal, defendant's arguments were based on the case law that preceded *Mills*. Although the state filed a memorandum of supplemental authorities pointing out the court's holding in *Mills* and noting that venue must be raised pretrial and that, "[u]nder *Mills*, defendant is in no event entitled to an acquittal," defendant has not responded by requesting that we remand the case to the trial court. Nonetheless, a remand is appropriate in this case for the reasons we explained in *State v. Burton*, 261 Or App 534, 537, 323 P3d 516 (2014) (emphasis in original):

"First, as the Supreme Court stated, given the state of the law before *Mills*, it would be unfair to conclude that defendant had forfeited the right to challenge venue by waiting to do so until the state had rested its case. Second, the court's statement [in *Mills*] that defendants can elect *on remand* whether to challenge venue suggests that a defendant need not make that election on appeal in cases in this posture."

*See also State v. Weilert*, 261 Or App 529, 532, 323 P3d 513 (2014) (noting the state's acknowledgement that, "when defendants who unsuccessfully challenged venue through motions for judgment of acquittal before the Supreme Court decided *Mills* assign error to the denial of those motions on appeal, we should generally remand the cases to the trial court to allow the defendants an opportunity to object to venue"); *State v. Parsons*, 259 Or App 344, 314 P3d 343 (2013) (reversing and remanding in light of *Mills* where the defendant, at trial, challenged venue by way of a motion for judgment of acquittal). Accordingly, we reverse the trial court's judgment and remand for further proceedings consistent with *Mills. See Mills*, 354 Or at 373-74.

Reversed and remanded on Count 2; remanded for resentencing; otherwise affirmed.