Submitted May 30, reversed and remanded July 2, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA DANIEL PIATT,
*Defendant-Appellant.*

Coos County Circuit Court
12CR0279; A152365

331 P3d 1051

Peter Gartlan, Chief Defender, and Alice Newlin-Cushing, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals a judgment of conviction for one count of failure to register as a sex offender, *former* ORS 181.599 (2009), *renumbered as* ORS 181.812 (2013). He assigns error to the trial court's denial of his motion for judgment of acquittal, arguing that the state failed to prove beyond a reasonable doubt that he had committed the offense in Coos County, the county in which the state prosecuted the offense. After defendant filed his brief in this case, the Supreme Court decided *State v. Mills*, 354 Or 350, 312 P3d 515 (2013), in which it held that Article I, section 11, of the Oregon Constitution does not require the state to prove venue beyond a reasonable doubt at trial; rather, a defendant must put venue at issue in a pretrial motion. *Id.* at 372-73. Concluding "that it would be unfair to [the] defendant to hold that he [had] forfeited the opportunity to challenge venue, in light of the fact that the law in effect at the time of trial permitted him to wait until the state rested to raise the issue," *id.* at 373, the Supreme Court reversed the trial court's judgment and remanded for further proceedings, explaining:

> "If, on remand, [the] defendant elects not to challenge venue under Article I, section 11, the trial court judgment must be reinstated. If [the] defendant challenges venue under Article I, section 11, the trial court may hold an evidentiary hearing at which the state will have the opportunity to establish—and [the] defendant will have the opportunity to contest—that Washington County is the appropriate venue."

*Id.* at 373-74.

To the extent that subsequent cases have presented the same unfairness that the Supreme Court identified in *Mills*, we have employed the same remedy. *E.g.*, *State v. Sharp*, 261 Or App 554, 323 P3d 519, *modified on recons*, 262 Or App 327, 323 P3d 979 (2014); *State v. Parsons*, 259 Or App 344, 314 P3d 343 (2013). Nevertheless, the state argues that a remand is not necessary in this case, because the record unquestionably establishes that defendant resided in Coos County at the time of trial, which could make Coos County a county in which the charge against defendant could be

prosecuted. *See* ORS 131.325 (providing that "trial may be held in the county in which the defendant resides"). We recently rejected a similar argument in *State v. Weilert*, 261 Or App 529, 323 P3d 513 (2014), concluding that, in deciding *Mills*, the Supreme Court "chose[] not to make assumptions about how the defendant might have been able to undermine the state's evidence concerning venue." *Id.* at 533. Accordingly, when, as here, "it is at least theoretically possible that defendant could have developed a different record had he elected to make a pretrial challenge to venue," *id.*, and, because defendant's decision to challenge venue at the close of the state's evidence at trial was appropriate under the law in effect at the time, "it would be unfair to defendant to hold that he [had] forfeited the opportunity to challenge venue." *Mills*, 354 Or at 373.

Accordingly, we reverse the trial court's judgment and remand for further proceedings consistent with *Mills*.

Reversed and remanded.