STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT CLATE MAKIN,
*Defendant-Appellant.*

Washington County Circuit Court
C100549CR; A153309

348 P3d 1197

Rankin Johnson, IV, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Nakamoto, Presiding Judge, and Egan, Judge, and Wilson, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant was stopped for a traffic infraction in Washington County. He had three young children in the car. Defendant also had a notebook containing records of his drug sales, over 27 grams of methamphetamine, marijuana, moonshine, a methamphetamine pipe, syringes, scales, and baggies either in the car or on his person. This criminal appeal concerns defendant's challenge to his convictions for first-degree child neglect (Counts 5, 6, and 7) and manufacturing methamphetamine (Count 2).[1] Defendant asserts that the state failed to prove (1) delivery of methamphetamine in the presence of children for the child neglect counts and (2) venue in Washington County for the manufacturing count. We reverse and remand on Count 2 and otherwise affirm.

For the neglect counts, the state was required to prove that defendant "knowingly leaves the child, or allows the child to stay" in a "vehicle where controlled substances are being criminally delivered * * *." ORS 163.547. We reject without written discussion defendant's argument that the state failed to prove that he allowed the children to stay in a vehicle where controlled substances were being criminally delivered because it failed to prove an actual delivery of a controlled substance in the presence of the children.

With respect only to the charge of manufacturing methamphetamine, defendant argues that the state failed to prove venue, that is, it failed to prove that he had manufactured the methamphetamine in Washington County. After defendant filed his opening brief, the Oregon Supreme Court decided *State v. Mills,* 354 Or 350, 312 P3d 515 (2013). The court concluded in *Mills* that a criminal defendant has a waivable right to object before trial to improper venue. The state concedes that, under *Mills,* we should remand to the trial court to allow defendant the opportunity to assert a venue challenge on the manufacturing count. We accept the state's concession as well founded. *See State v. Weilert,* 261 Or App 529, 533, 323 P3d 513 (2014) (remanding to allow the defendant to assert a pretrial challenge to venue).

---

[1] Defendant also was convicted of several other drug-related charges not at issue on appeal, including delivery of methamphetamine.

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.