Submitted August 19, conviction for conspiracy to commit murder reversed; remanded for resentencing; otherwise affirmed October 7, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TODD LEON MULVAINE,
*Defendant-Appellant.*

Malheur County Circuit Court
12034379C4; A152856

360 P3d 634

Peter Gartlan, Chief Defender, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Andrew M. Lavin, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

DUNCAN, P. J.

## DUNCAN, P. J.

Defendant appeals the trial court's judgment convicting him, after a jury trial, of conspiracy to commit murder, ORS 163.115, ORS 161.450(2)(a), and assault in the second degree, ORS 163.175.[1] Defendant raises five assignments of error; we write to address one: whether the trial court erred by denying his motion for judgment of acquittal on the conspiracy count on the ground that the state had failed to prove that venue was proper in Malheur County.[2] Defendant argues, and the state agrees, that, under *State v. Mills*, 354 Or 350, 312 P3d 515 (2013), defendant is entitled to a reversal of the conspiracy count and a remand to the trial court to allow defendant an opportunity to challenge venue. For the reasons explained below, we agree with the parties and, therefore, we reverse and remand for further proceedings consistent with *Mills*.

In support of his motion for judgment of acquittal on the conspiracy count, which he made at the close of the state's case-in-chief, defendant argued that the state had failed to prove that the conspiracy took place in Malheur County. Defendant lived in Idaho, as did one of his co-conspirators; the other co-conspirator lived in Malheur County. Defendant argued that the state's evidence showed that the three men entered into their conspiracy when they were on defendant's property in Idaho. The state did not dispute that, but argued that, after the men entered into the conspiracy, they modified it through telephone and text conversations between defendant and one of the co-conspirators, who was in Malheur County. Based on those conversations, the state contended venue was proper in Malheur County. The trial court agreed with the state and denied defendant's motion for judgment of acquittal.

---

[1] In addition to the two crimes he was convicted of committing, defendant was charged with attempted murder, ORS 163.115, ORS 161.405. The jury acquitted him of that charge.

[2] In his other assignments of error, defendant asserts that the trial court erred by admitting an exhibit as a statement of a co-conspirator, denying his motion for judgment of acquittal on the second-degree assault count, instructing the jury that it could return a nonunanimous verdict, and accepting nonunanimous verdicts on the conspiracy and assault counts. We reject those assignments without written discussion.

After the trial, the Supreme Court decided *Mills*, in which it held, contrary to its earlier decisions, that Article I, section 11, of the Oregon Constitution does not require the state to prove venue beyond a reasonable doubt at trial, and, consequently, if a defendant wants to challenge venue, the defendant must do so in a pretrial motion, rather than a motion for judgment of acquittal. 354 Or at 372-73. Although the defendant in *Mills* had waited to challenge venue until the close of the state's case-in-chief, the Supreme Court concluded that "it would be unfair to [the] defendant to hold that he [had] forfeited the opportunity to challenge venue, in light of the fact that the law in effect at the time of trial permitted him to wait until the state rested to raise the issue." *Id.* at 373. Accordingly, the Supreme Court reversed the trial court's judgment and remanded for further proceedings in which the defendant would have the opportunity to challenge venue, if he elected to do so:

> "If, on remand, defendant elects not to challenge venue under Article I, section 11, the trial court judgment must be reinstated. If defendant challenges venue under Article I, section 11, the trial court may hold an evidentiary hearing at which the state will have the opportunity to establish— and defendant will have the opportunity to contest—that [the county in which the charges were brought] is the appropriate venue."

*Id.* at 373-74.

To the extent that subsequent cases have presented the same unfairness that the Supreme Court identified in *Mills,* we have employed the same remedy. *E.g., State v. Bisby*, 263 Or App 598, 600-01, 330 P3d 51 (2014) (reversing and remanding for evidentiary hearing when issue of venue had been raised below by motion for judgment of acquittal prior to *Mills* decision); *State v. Schreiber*, 261 Or App 557, 558-59, 323 P3d 517 (2014) (same); *State v. Burton*, 261 Or App 534, 536-37, 323 P3d 516, *rev den*, 355 Or 703 (2014) (same); *State v. Parsons*, 259 Or App 344, 346-47, 314 P3d 343 (2013) (same). We have done so even in cases where the state presented substantial evidence of venue at the underlying trial, observing that, even in those cases, it "is at least theoretically possible that [the] defendant could have developed a different record had he elected to make a pretrial

challenge to venue." *State v. Weilert*, 261 Or App 529, 533, 323 P3d 513 (2014).

Here, like the defendant in *Mills*, defendant raised his venue challenge through a motion for judgment of acquittal at the close of the state's case-in-chief. That approach was proper under the controlling law at the time, but the law has changed and, as the parties agree, in the wake of that change, we must reverse the trial court's judgment and remand for further proceedings consistent with *Mills*.

Conviction for conspiracy to commit murder reversed; remanded for resentencing; otherwise affirmed.