Argued and submitted August 27, 2015, reversed and remanded
September 14, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSIAH THOMAS SCHINDLER,
*Defendant-Appellant.*

Tillamook County Circuit Court
121189; A154305

381 P3d 973

David O. Ferry, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Ryan P. Kahn, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Schuman, Senior Judge.

**LAGESEN, J.**

In *State v. Mills*, 354 Or 350, 369-70, 372-73, 312 P3d 515 (2013), the Supreme Court held that the right to a trial in a particular place protected by Article I, section 11, of the Oregon Constitution is a procedural "right not to be dragged away to a distant place of trial—a right that would be subject to waiver if not asserted" and resolved in a timely manner before trial. In so doing, the court reversed 90 years of precedent holding that, under Article I, section 11,[1] venue was a material element of any criminal offense that had to be proved by the prosecution beyond a reasonable doubt, such that failure to prove venue would mean that a criminal defendant was entitled to entry of judgment of acquittal. *Id.* at 366-74 (discussing case law and decision to reverse it). The court in *Mills* then reversed the trial court's judgment and remanded to permit the defendant to re-raise the issue of the propriety of venue in a manner that comported with the court's holding, that is the court remanded to allow the defendant to challenge venue as a procedural right and not a material element of the crime.

Notwithstanding the change in law effected by *Mills*, defendant in this case, who was tried before the Supreme Court decided *Mills*, contends that the state failed to adequately prove venue at trial and that, as a result, he is entitled either to entry of a judgment of acquittal or the dismissal with prejudice of the indictment. Defendant acknowledges that his requested remedy is not consistent with the remedy ordered in *Mills* but contends that it is appropriate in this case because defendant put the state on notice before trial that venue would be at issue at trial. The state contends that defendant's requested remedy is not available under *Mills* and that, for that reason, we should affirm. We conclude that defendant is not entitled to entry of a judgment of acquittal or dismissal of the charges with prejudice but, consistent with our case law after *Mills*, we reverse and remand so that defendant can contest venue in an evidentiary hearing, a manner approved by *Mills*, should he so choose.

---

[1] Article I, section 11, states in relevant part: "In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury *in the county in which the offen[s]e shall have been committed*." (Emphasis added.)

## BACKGROUND

The case against defendant arose after K's mother, in reviewing K's sent emails, discovered that K, a minor at the time, had sent nude photographs of herself to defendant. K's mother, who lives in Tillamook, alerted local police, triggering two investigations: one in Tillamook County, where defendant lived, and one in the state of Washington, where K had lived at the time that she had sent the photographs. Each investigation uncovered evidence that defendant had asked K to take the photographs and send them to him. In Tillamook, officers discovered evidence on defendant's mobile phone and computer, which they had seized from defendant without a warrant. In Washington, officers discovered images of K on the computer that she had used to send the photographs to defendant. As a result of those discoveries, defendant was indicted for nine counts of using a child in a display of sexually explicit conduct, in violation of ORS 163.670.[2]

Upon being charged, defendant did not contest that Tillamook County was the proper venue for the prosecution against him. Instead, defendant sought affirmative relief from the court, moving to suppress the evidence discovered in Tillamook, on the ground that officers had obtained it in violation of his rights under Article I, section 9. The trial court agreed, and suppressed the evidence obtained from defendant in Tillamook County.

Having prevailed on the motion to suppress, defendant then requested that the trial court dismiss the indictment on the ground that the state would not be able to prove at trial that the crime took place in Tillamook County, meaning the state would not be able to prove that venue was in Tillamook County. Defendant did not assert that Tillamook

---

[2] ORS 163.670 provides:

"(1) A person commits the crime of using a child in a display of sexually explicit conduct if the person employs, authorizes, permits, compels or induces a child to participate or engage in sexually explicit conduct for any person to observe or to record in a visual recording.

"(2) Using a child in a display of sexually explicit conduct is a Class A felony."

For purposes of the statute, a "child" is a person under the age of 18. ORS 163.665(1).

County was not the proper place for trial, did not request a change of venue, and did not ask that the trial court hold a pretrial evidentiary hearing on whether Tillamook County was the appropriate venue for defendant's trial. Rather, defendant, consistent with the law before *Mills*, argued that dismissal was appropriate because, in his view, absent the suppressed evidence, the state would not be able to meet its burden of proving the venue element of the charges against him. The state opposed the motion, pointing out that defendant was, in effect, attempting to obtain a judgment of acquittal before the state had even put on its case, and noting that it thought that it would be able to prove that defendant had committed the charged offenses in Tillamook County through K's testimony, which was not subject to suppression. The trial court agreed with the state and denied the motion to dismiss.

At trial, the state introduced evidence from two witnesses pertinent to venue: K and Officer Troxel of the Tillamook city police. K testified that she had started corresponding with defendant through Facebook while she was living in Washington. The two then began speaking to each other on the telephone and continued to do so over a period of several months. During that period, defendant asked K to send him nude photographs three different times. At different points in their phone conversations, defendant would talk about being at the Tillamook library and a local park in Tillamook "a lot." K assumed that defendant was in Tillamook during all their various conversations, but did not know for sure. Troxel testified that he was well-acquainted with defendant, that defendant had lived in Tillamook County for six years, and that, had defendant left Tillamook for any extended length of time, Troxel would have known. Troxel acknowledged, however, that defendant's mother had a car, that defendant was not subject to travel restrictions, and that defendant could have left the county at times without Troxel knowing it.

At the close of the state's case, defendant moved for a judgment of acquittal on the ground that there was insufficient evidence to support a finding that venue was proper in Tillamook County. The court denied the motion and ultimately found beyond a reasonable doubt that venue

was proper in Tillamook County and that defendant had been in Tillamook County when he asked K to send the pictures to him. The court indicated that it was persuaded that defendant had been in Tillamook County when he asked K to create and send the photographs based on K's testimony that defendant talked about being in the local library and park during their phone conversations. The court acquitted defendant on the charged offenses, finding that it had reasonable doubt as to whether K had created the photographs that she sent to defendant in response to defendant's request; the court noted that there was evidence that K testified to having taken photographs to send to another person in the same timeframe. The court nonetheless found that by asking K to take and send him photographs, defendant had committed the lesser-included offense of attempting to use a child in a sexually-explicit display, and entered judgment convicting defendant of that offense.[3]

On appeal, defendant assigns error to the trial court's denial of his pretrial motion to dismiss on the ground that the state would be unable to prove venue at trial, as well as to the trial court's denial of his motion for judgment of acquittal. Defendant contends that the evidence is insufficient to permit a finding that venue is proper in Tillamook County and that, as a result, he is entitled either to entry of a judgment of acquittal or a judgment dismissing the indictment with prejudice. Defendant acknowledges that the remedies that he seeks are not the remedy that the Supreme Court sanctioned in *Mills*, but contends that because he first raised the issue of venue pretrial in his motion to dismiss, the state had a fair opportunity to demonstrate that venue was proper in Tillamook County and, having failed to do so, should not be afforded another opportunity to do so. However, defendant has indicated that, in the event that we disagree with him on that point, he would like us to order the remedy, provided in *Mills*, of a remand to permit him to litigate the issue of venue under the newly established law in *Mills*.

---

[3] Under ORS 161.405, a person who "intentionally engages in conduct which constitutes a substantial step toward the commission of [a] crime" is "guilty of an attempt to commit [that] crime." The court found that defendant had made three requests to K to make and sent photographs, but concluded, as a result of merger, that one conviction should be entered.

In response, the state contends that the evidence is sufficient to support a finding that defendant committed his crimes in Tillamook County. But, the state contends, even if it is not, in no event is defendant entitled to a judgment of acquittal or dismissal of the charges with prejudice. In the state's view, such a remedy would be inconsistent with the Supreme Court's conclusion in *Mills* that a defendant's right to a trial in the proper venue under Article I, section 11, is a procedural right to a trial in a particular place, and that Article I, section 11, does not make venue a material element of a criminal offense. The state suggests that we should affirm because, in its view, by asking for a broader remedy than that authorized by *Mills*, defendant has disclaimed the one remedy that *Mills* allows.

## ANALYSIS

We start with defendant's argument that, notwithstanding *Mills*, he is entitled to an entry of a judgment of acquittal or dismissal of the indictment with prejudice. Defendant's position appears to be that he is entitled to one or the other of those remedies because defendant's pretrial motion to dismiss adequately put the state on notice that it would have to prove venue at trial and because, in defendant's view the evidence presented at trial was insufficient to establish that venue is proper in Tillamook County.

We reject that argument for two reasons. First, although it is true that defendant raised the issue of venue before trial, he did not do so in a way that was consistent with *Mills*. As noted, *Mills* held that the right to venue protected by Article I, section 11, is a procedural right to a trial in a particular location; the animating "purpose of the right is to protect a defendant from the hardship and potential unfairness of being required to stand trial in a distant place." 354 Or at 373. Here, in moving to dismiss on the ground that the state would not be able to prove venue, defendant never suggested that Tillamook County was, in fact, not the proper place for the charges against him to proceed, or asked for an evidentiary hearing on the issue. On the contrary—and somewhat inconsistently with defendant's position that Tillamook County was not the proper

place for the proceedings against him, and with the directive in *Mills* that a defendant should raise any issues with venue "as soon as possible before the trial itself," *id.* at 373— defendant did not raise the issue of venue until after he had secured a favorable ruling on his motion to suppress from the very forum he now contends was not proper. Although we do not fault defendant for proceeding in the manner that he did, given the state of the law at the time, we are not persuaded that defendant's pretrial motion raised the issue of venue in a manner that would entitle him to the pre-*Mills* remedy of entry of a judgment of acquittal or to a substantially similar remedy of dismissal of the charges with prejudice.

Second, we disagree with defendant that the evidence below would not permit a finding that venue was not proper in Tillamook County for purposes of Article I, section 11. Even if we were to conclude that the evidence presented at trial[4] would not permit a finding that defendant was in Tillamook County at the time that he requested K to take pictures of herself and send them to him, that does not mean that the evidence is insufficient to support a finding that venue is proper in Tillamook County.

Proving that a crime (or an element thereof) took place in a particular county is not the only way for the state to establish that venue is proper for purposes of Article I, section 11. As we have held, Article I, section 11, permits a defendant to be tried in the defendant's county of residence

---

[4] In this regard, we note that, following *Mills*, it is not a foregone conclusion that the evidence that the trial court suppressed cannot be taken into account in assessing whether venue is proper in Tillamook County. As a procedural matter, by requiring that issues with venue be raised "as soon as possible before trial," *Mills* suggests that venue issues should be resolved before a trial court makes substantive rulings in a case. That creates the possibility that evidence that may later be subject to suppression may be taken into account in deciding venue issues.

Additionally, because venue was treated as a material element of any criminal offense, and not as a procedural right, before the Supreme Court's decision in *Mills*, we have not addressed whether the Oregon exclusionary rule prohibits the use of unconstitutionally obtained evidence for the limited purpose of ensuring that a defendant's right under Article I, section 11, to trial in a particular venue is vindicated. We express no opinion on the correct resolution of these issues, except to note that, in view of *Mills*, these are open issues. The parties are free to address those issues on remand.

when it cannot readily be determined where a particular crime was committed. *State v. Rose*, 117 Or App 270, 273, 843 P2d 1005 (1992), *rev den*, 316 Or 142 (1993).[5] That is because, again,

> "[t]he purpose [of the right] is to allay the fear that the right to a fair trial might be compromised if, at the prosecutor's whim, the accused could be dragged to a trial at a distant part of the State, away from his friends, and witnesses, and neighborhood, and thus to be subject to the verdict of mere strangers, * * * as well as the necessity of incurring the most oppressive expenses, or perhaps, even to the inability of procuring the proper witnesses to establish his innocence."

*Id.* (internal citations and quotation marks omitted). Thus, when it cannot be readily ascertained where a crime was committed, the state may, by default, try a defendant in that defendant's home county.

Here, even if the evidence presented below would not permit a finding that defendant was in Tillamook County at the pertinent times, it would permit the alternative finding that "it cannot be readily ascertained" where defendant was when he requested that K make and send the photos. That finding, in turn, would establish that venue was proper in Tillamook County, as it is undisputed that defendant resided in Tillamook County during all times pertinent to this case. In other words, the record created below is legally sufficient to support a determination that venue is proper in Tillamook County, given the alternative ways that the state can prove venue for purposes of Article I, section 11; there is little to suggest that defendant was tried in the

---

[5] In *Rose*, we considered whether ORS 131.325 comported with the Article I, section 11, venue right. 117 Or App at 273-75. That statute provides, in relevant part:

> "If an offense has been committed within the state and it cannot be readily determined within which county the commission took place, or a statute that governs the conduct outside the state is violated, trial may be held in the county in which the defendant resides, or if he has no fixed residence, in the county in which he is apprehended or to which he is extradited."

We concluded that it did, explaining that we "cannot reasonably impute to the framers of the Oregon Constitution the intent to provide immunity to persons who commit crimes under circumstances in which the county in which they were committed is not ascertainable. In those cases, the legislature may provide for a reasonable alternative venue." *Id.* at 275.

wrong county, and much to suggest that he was tried in the right place. In view of those circumstances, we decline to remand for entry of judgment of acquittal or dismissal of the indictment with prejudice.

Having rejected defendant's argument that he is entitled to a remand for entry of a judgment of acquittal or dismissal with prejudice, we turn to the question of the proper disposition of this appeal. Following *Mills*, in cases tried before the Supreme Court issued its decision in *Mills*, where a defendant has challenged venue on appeal, we routinely have reversed and remanded for an evidentiary hearing on venue, the same remedy that the Supreme Court afforded the defendant in *Mills*. *See, e.g., State v. Mulvaine*, 274 Or App 213, 215, 360 P3d 634 (2015); *State v. Lusareta*, 270 Or App 102, 113-14, 346 P3d 514 (2015); *State v. Piatt*, 264 Or App 180, 181-82, 331 P3d 1051, 1052 (2014) (reversing and remanding where evidence established that venue would be proper in defendant's county of residence); *State v. Parsons*, 259 Or App 344, 314 P3d 343 (2013); *State v. Burton*, 261 Or App 534, 323 P3d 516, *rev den*, 355 Or 703 (2014) (reversing and remanding where the defendant neither filed a memorandum citing *Mills* nor requested a remand to the trial court); *State v. Weilert*, 261 Or App 529, 323 P3d 513 (2014) (reversing and remanding where uncontradicted evidence showed that the charged offenses took place in two residences that were located in the county in which the defendant was tried). We have done so even where, as here, the evidence below would permit a finding that the case had been tried in the proper venue. *See Piatt*, 264 Or App at 181-82; *Weilert*, 261 Or App at 532-33. As we explained in *Weilert*, in deciding *Mills*, the Supreme Court "chose[] not to make assumptions about how the defendant might have been able to undermine the state's evidence concerning venue." 261 Or App at 533. Although the state suggests that defendant has "disclaimed" that remedy, making affirmance appropriate, we do not view defendant's arguments to be a disclaimer; defendant affirmatively represented at oral argument that he was requesting the *Mills* remedy, in the event that we rejected his request for the entry of a judgment of acquittal or dismissal of the charges with prejudice. Accordingly, we reverse the trial court's judgment and remand for further

proceedings consistent with *Mills* and this opinion. *See Mills*, 354 Or at 373-74.

Reversed and remanded.